(January 29, 1897.)

BLAKE v. BOARD OF COMMISSIONERS ADA COUNTY.

[47 Pac. 734.]

CONSTRUCTION OF CONSTITUTIONAL AMENDMENT.—A constitutional amendment separating two offices theretofore combined, which provides that "the legislature, by general and uniform laws," shall provide for the "election biennially" of such officers, is not self-executing, and does not go into full operation until such laws have been enacted, and a general biennial election held thereunder.

COUNTY SUPERINTENDENT OF PUBLIC INSTRUCTION.—John J. Blake, having been elected probate judge of Ada county, under the laws enacted by the legislature pursuant to section 6, article 18, of the constitution, as originally adopted, is entitled, *ex officio*, to admission to the office of county superintendent of public instruction for said county.

MANDAMUS.—John J. Blake, who was elected probate judge in and for Ada county, qualified as such, and, at the time appointed by law, presented his official bond as *ex-officio* county superintendent of public instruction for said county, and offered to take the oath required by law of said superintendent, before the board of commissioners of said county, who refused to administer such oath; applied for writ of mandate to compel said board to administer said oath and admit him to said office. *Held*, that he was entitled to such writ which was ordered to issue.

(Syllabus by the court.)

Original proceeding in supreme court by writ of mandate.

T. D. Cahalan, for Plaintiff, files no brief.

Robert E. McFarland, Attorney General, for Defendant, files no brief.

QUARLES, J.—This is an original action, commenced by the plaintiff in this court, to obtain a writ of mandate requiring the defendants to admit the plaintiff to the use and enjoyment of the office of "county superintendent of public instruction in and for Ada county." From the petition the following facts appear: Plaintiff was, at the general election in 1896, elected to the office of "probate judge and *ex-officio* county superintendent of public instruction" in and for said Ada county. Plaintiff, on January 11, 1897, the time appointed by law, qualified as said probate judge, and filed a good and sufficient bond as *ex-officio* county

superintendent of public instruction in and for said county, and then, on said day, appeared before the defendants, who compose the board of county commissioners of said county, and offered to take the oath required by law of said *ex-officio* county superintendent of public instruction. The said board of county commissioners, and the chairman thereof, refused to administer said oath to plaintiff, whereby plaintiff is denied admission to said office.

This action involves the question of time at which the amendment to the sixth section of article 18 of the constitution, proposed by the legislature, and ratified by the people at the general election of 1896, goes into full operation and effect. We presume that the defendants, as said board of county commissioners, took the view that said amendment is self-executing, and in full effect on the eleventh day of January, when they, by their chairman, refused to administer said official oath to plaintiff. Was that conclusion correct? Said amendment, and the object of it, is to separate the officers of probate judge and county superintendent, and is a copy of the original section only in this: The original section made it the duty of the legislature to provide for the election biennially of a "probate judge who is *ex-officio* county superintendent of public instruction" for each county, while the amendment requires the legislature "to provide" by "general and uniform laws for the election biennially in each of the several counties of the state," of the several county officers therein named, among which is the office of "county superintendent of public instruction." The election of plaintiff to the combined office of probate judge and *ex-officio* county superintendent of public instruction in and for Ada county, and the ratification of said amendment to the constitution, were simultaneous acts. If the amendment went into immediate effect, when the state canvassing board found that a majority of the votes cast for or against the adoption of the amendment were cast in favor of its adoption, then it necessarily results that the plaintiff is not entitled to the relief sought; but, on the other hand, if said amendment is not in operation, he is entitled to such relief. The amendment does not in express terms, nor, as we view it, by necessary implication, provide that it shall go

into immediate effect.   The said amendment says that "the legislature by general and uniform laws shall provide for the election biennially in each of the several counties of the state, of a county superintendent of public instruction," etc.   This language clearly shows that it was the intention that the separation of the two offices should not take place until the legislature shall have provided for the election of a county superintendent of public instruction.   It requires legislation to give effect to the amendment, however.   The said amendment is not self-executing, and is not in operation, nor can it come into full operation, until the legislature, by "general and uniform law," shall have provided for the election, at the general biennial elections, of a county superintendent of public instruction, and such election has been had.

The views herein set forth are fully sustained by the decision of this court in the case of *Hays v. Hays,* ante, p. 154 (decided at the present term), 47 Pac. 732, and by the authorities cited in that decision.   The amendment in question makes it the duty of the legislature to provide for the election of county superintendents of public instruction, but does not authorize the legislature to provide for the appointment of such officers.   The old order of things will continue until the machinery for carrying the amendment in question into effect, according to the letter and spirit of said amendment, shall have been provided.   The probate judges elected in the several counties of the state at the last election were entitled to qualify as *"ex-officio* county superintendents of public instruction" in their several counties.   It is the duty of the defendant board to administer the proper oath to admit the plaintiff to the office, *ex officio,* of county superintendent of public instruction in and for Ada county, and the plaintiff is entitled to the office of county superintendent of public instruction in and for Ada county, and to exercise the powers and enjoy the emoluments thereof, for the full term for which he was elected.   The plaintiff is entitled to a peremptory writ, as demanded in his said petition, and it is ordered that said writ issue.

Sullivan, C. J., and Huston, J., concur.