(May 9, 1913.)

## MAUD LOWRY CLEARY, Plaintiff, v. WILLIAM A. KINCAID, Defendant.

[131 Pac. 1117.]

CONSTITUTION—AMENDMENTS—SELF-OPERATIVE.

1. Constitutional provisions are self-executing when there is a manifest intention that they should go into immediate effect, and no ancillary legislation is necessary to the enjoyment of the right given or the enforcement of any duty. This is to be determined from a consideration both of the language used and of the intrinsic nature of the provision itself. If the nature and extent of the right conferred and of the liability imposed is fixed by the provision itself, so that they can be determined by the examination and construction of its own terms, and there is no language used indicating that the subject is referred to the legislature for action, then the provision should be construed as self-executing, and its language as addressed to the courts.

2. The cases of *Blake v. Board of Commissioners*, 5 Ida. 163, 47 Pac. 734, and *Hays v. Hays*, 5 Ida. 154, 47 Pac. 732, cited, discussed and distinguished.

3. Sec. 6, art. 18 of the constitution, as amended by the amendment adopted by the voters of the state on November 5, 1912, which provides, "by striking out the words 'who is *ex-officio* tax collector,' after the words 'a county assessor,' and inserting the words 'and also *ex-officio* tax collector' after the words 'a county treasurer, who is *ex-officio* public administrator,'" is self-operative, and became a part of the state constitution upon its adoption by the voters of the state at the general election on the 5th of November, 1912.

An original action for a writ of mandate, compelling the county assessor of Ada county to turn over the books and property used and required by the tax collector of said county and permitting the plaintiff as county treasurer to perform the duties of tax collector. Writ allowed.

Cavanah, Blake & MacLane, for Plaintiff.

The contention of the plaintiff is that the amendment is self-operative, and that no action on the part of the legislature was necessary to make it effective.

A self-executing provision is generally held to be one which supplies the rule or means by which the right given may be enforced or protected, or by which a duty enjoined may be performed. (*Davis v. Burke,* 179 U. S. 399, 21 Sup. Ct. 210, 45 L. ed. 249; *Keady v. Owers,* 30 Colo. 1, 69 Pac. 509; *Eau Claire Nat. Bank v. Benson,* 106 Wis. 624, 82 N. W. 604.)

J. H. Peterson, Attorney General, and J. J. Guheen and T. C. Coffin, Assistants, for Defendant.

In the case of *Blake v. Board of County Commissioners,* 5 Ida. 163, 47 Pac. 734, the court held that the amendment was not self-executing, and were the court to decide the same in this case, the plaintiff must fail in his application for writ of mandate.

Previous to passing upon the Blake case this court decided the case of *Hays v. Hays,* 5 Ida. 154, 47 Pac. 732, which case involved the question as to whether or not sec. 18, art. 5 of the constitution as amended was self-executing, on reasoning precisely similar to that employed in *Blake v. County Commissioners,* which followed the case of *Hays v. Hays.* (See, also, *State ex rel. Hudd v. Timme,* 54 Wis. 318, 11 N. W. 785; *State v. Swan,* 1 N. D. 5, 44 N. W. 492; *Lehigh Iron Co. v. Lower Macungie Township,* 81 Pa. 482; *Older v. Superior Court,* 157 Cal. 770, 109 Pac. 478; *State v. Bradford,* 12 S. D. 207, 80 N. W. 143; *Brooks v. Town of Loganville,* 134 Ga. 358, 67 S. E. 940; *State ex rel. Burns v. Gibson,* 195 Mo. 251, 94 S. W. 251.)

The distinction is made in a great many cases in deciding whether a constitutional provision is or is not self-executing as to whether it is addressed to the courts or to the legislature. In those cases wherein it is directory, it either directs the legislature to perform some act or directs that some act be performed which the courts can pass upon without the aid of further legislation. This distinction is brought out very forcibly in *Willis v. Mabon,* 48 Minn. 140, 31 Am. St. 626, 50 N. W. 1110, 16 L. R. A. 281. (*Engstad v. Grand Forks County,* 10 N. D. 54, 84 N. W. 577; Century Digest, secs. 32–34; Const. Law, Decennial Digest, secs. 28–30.)

STEWART, J.—This is an original application for a writ of mandate to compel William A. Kincaid, the assessor of Ada county, to turn over the books and property used and required by the tax collector of said county and permit plaintiff, as county treasurer of Ada county, to perform the duties of tax collector of said county.

The sole question involved is, whether or not the amendment of sec. 6, art. 18 of the constitution of the state, approved and adopted by the voters of the state of Idaho, November 5, 1912, making the county treasurer tax collector instead of the county assessor, is self-operative, or whether such section requires legislative action in order to make the same effective.

Plaintiff contends that the amendment is self-operative, and that no action on the part of the legislature was necessary to make it effective; while defendant contends that the section is not operative, and that before it can be effective there must be an act of the legislature providing for the election of and defining the duties of tax collector and assessor.

Sec. 6, art. 18 of the constitution of the state of Idaho, before the adoption of the amendment now in question, provided that the county assessor is *ex-officio* tax collector. The amendment transferred the duties of tax collector from the office of county assessor, and imposed such duties upon the office of county treasurer. The offices of county assessor and county treasurer were in no way affected as to the terms of office or the time of election to the offices, or the compensation of such offices.

The amendment in no way affects or changes the laws of the state providing for and fixing the respective duties of the two officers, assessor and treasurer, as to the particular offices. The amendment only deals with the duties of tax collector, and imposes the duty upon the treasurer of the collection of taxes. Under the amendment the duties of the assessor remain the same as they were before the amendment, except as to the collection of taxes. The section with reference to biennial elections is in no way altered or modified, but remains the same as before the amendment was adopted. The officers to

be elected under the amendment are the same officers as were elected prior to the amendment. The amendment requires no legislative act to carry out its provisions. The general laws of the state with reference to the duties of assessors and tax collectors in existence at the time the amendment was adopted apply alike, whether the duties of tax collector be attached to the assessor's office or the county treasurer's, and the separation of the duties of collector from the duties of the assessor and attaching such duties to the county treasurer in no way affects the duties of the assessor in making assessments and performing the duties bestowed upon the assessor under the law, neither does it affect the tax collector in any way, except that the treasurer is made the collector of the taxes, and the statutes in existence at the time the amendment was adopted governing the various officers and their duties can be applied to the duties under the amendment, and are just the same after the adoption of the amendment as before adoption.

This being true, it would seem that the amendment to sec. 6, art. 18 of the constitution is self-operative; in other words, it supplies the rule or means by which the right given may be enforced and protected, and provides for performing the duty conferred by the amendment.

In 8th Cyc., p. 753, the author, in discussing self-executing provisions, announces the following general rule: "A self-executing provision, then, is one which supplies the rule or means by which the right given may be enforced or protected or by which a duty enjoined may be performed." Also: "The question in such cases is always one of intention, and to determine the intent the general rule is that courts will consider the language used, the objects to be accomplished by the provision, and the surrounding circumstances, and to determine these questions from which the intention is to be gathered the court will resort to extrinsic matters when this is necessary." Many authorities are cited by the author.

At p. 743 of 8th Cyc., the author says: "The time when a constitution takes effect is of importance and often becomes material in the course of litigation. The manifest intent of the framers of the instrument, to be gathered from the instru-

ment itself, controls in the determination of such questions. . . . . Provisions are always made designating the time when constitutional amendments or new constitutions shall take effect."

The legislature passed an act which was approved on March 11, 1913, amending sec. 1991 of the Rev. Codes, wherein the section was re-enacted with the addition of paragraph 7 in the following language: "The county treasurer is hereby made *ex-officio* tax collector, and all powers and duties heretofore exercised by the *ex-officio* tax collector, under the laws of this state, as distinguished from the assessor, are hereby transferred and made a part of the powers and duties of the county treasurer." This addition to sec. 1991 is simply a declaration of the legislature for the performance of a duty which the amendment itself provides for, and adds nothing whatever to the amendment, and provides no rules or means other than the amendment itself provides for, with reference to the transfer of the *ex-officio* duties of tax collector from assessor to county treasurer. It amounts to and is in fact an approval of the amendment. The amendment, having provided that the county treasurer become tax collector, was sufficient of itself to make the county treasurer *ex-officio* tax collector, and upon the adoption of the amendment by the voters of the state at the general election, November 5, 1912, the duties of tax collector as defined by law were transferred from the assessor to the county treasurer, and legislation on the subject was not required, as such intent appears from the amendment itself and controls the determination of such question.

Counsel for defendant seems to rely upon the case of *Blake v. Board of County Commissioners*, 5 Ida. 163, 47 Pac. 734, and the case of *Hays v. Hays*, 5 Ida. 154, 47 Pac. 732.

The first case above referred to involved an amendment to sec. 6, art. 18 of the constitution, which provides for the creation of the office of county superintendent as a new office, separate from the office of probate judge, who prior to such amendment was *ex-officio* county superintendent of public instruction. By such amendment there was created a new office for which an appointment or election was necessary, while in

the case now under consideration a new office is not created. In this case the duty of tax collector was transferred from the office of assessor to the county treasurer, two offices in existence at the time the amendment was adopted, and the opinion of the court in that case was based wholly upon the creation of a new office, and the court was dealing with the wording of the amendment and not with its effect.

The case of *Hays v. Hays, supra,* cited by defendant, is clearly distinguishable from the case now under consideration, as in the Hays case the amendment provided for the abolition of the office of district attorney and the creation of the office of prosecuting attorney.

The amendments discussed in those cases are not in point on the question now before this court, for the reason that the amendment under consideration is not the creation of a new office or the abolition of an office, but merely a transfer of certain duties prescribed by law to be performed by a county officer to another county officer, to wit, the duties of tax collector are transferred from county assessor to county treasurer.

The supreme court of Minnesota, in the case of *Willis v. Mabon,* 48 Minn. 140, 31 Am. St. 626, 50 N. W. 1111, 16 L. R. A. 281, states the rule which in our judgment should be applied in this case, in the following language: "The question in every case is whether the language of a constitutional provision is addressed to the courts or the legislature,—does it indicate that it was intended as a present enactment, complete in itself as definitive legislation, or does it contemplate subsequent legislation to carry it into effect? This is to be determined from a consideration both of the language used and of the intrinsic nature of the provision itself. If the nature and extent of the right conferred and of the liability imposed is fixed by the provision itself, so that they can be determined by the examination and construction of its own terms, and there is no language used indicating that the subject is referred to the legislature for action, then the provision should be construed as self-executing, and its language as addressed to the courts."

This rule is well recognized by the supreme court of the state of Illinois in the case of *Tuttle v. National Bank of Republic,* 161 Ill. 502, 44 N. E. 984, 34 L. R. A. 750; 6 Am. & Eng. Ency. of Law, 912, note 2. The same volume and page of 6 Am. & Eng. Ency. of Law summarizes the rule as follows: "Constitutional provisions are self-executing when there is a manifest intention that they should go into immediate effect, and no ancillary legislation is necessary to the enjoyment of a right given or the enforcement of a duty imposed."

Applying this construction to the amendment proposed, and giving full force and effect to the language used relating to transferring the duties of tax collector from the office of assessor and attaching the same to the office of county treasurer, the imperative duty of this court is to declare it self-executing.

It no doubt was the intention of the legislature and likewise of the voters in the adoption of such amendment that the duties of tax collector performed by the assessor should, upon the adoption of such amendment, be transferred to and performed by the county treasurer, and that no action of the legislature was required to complete the transfer. The office of county tax collector and county treasurer, as defined and provided for by the legislature and incorporated in Rev. Codes, title 10, and in full force and effect at the time the amendment was adopted, applied distinctly to the particular office of assessor, tax collector and treasurer, and such statutes had the same application to each of the respective offices, whether such duties are combined in one officer, two officers, or in three different officers elected to the respective positions. The same duties clearly appear also in the various provisions incorporated in chap. 58, Laws of 1913, p. 173, providing a system of revenue for state, county, municipal and school purposes, and particularly describing the duties of the assessor, tax collector and treasurer, and in clear and plain language prescribe the duties in such a manner that such duties may be combined in one officer or two officers or three officers, one of whom may be assessor, tax collector and treasurer, or that the office of tax collector and treasurer may be performed by

the county treasurer, as provided in the amendment now under consideration.

Giving due credit to the language used in the amendment and the general provisions of the law as it existed at the time the amendment was adopted, and clearly recognized by the legislature in enacting the general revenue act of March 13, 1913, clearly brings the provisions of the amendment within the rule announced by the authorities above enumerated.

We are therefore of the opinion that sec. 6, art. 18 of the constitution of Idaho is self-operative, and became a part of the state constitution upon its adoption by the voters of the state at the general election on the 5th of November, 1912.

It is ordered and adjudged that a writ of mandate be issued to William A. Kincaid, assessor of Ada county, directing him to turn over, within a reasonable time, the books and property used and required by the tax collector of Ada county and permit Maud Lowry Cleary, as county treasurer, to perform the duties of tax collector of Ada county. No costs are taxed.

SULLIVAN, J., Concurring.—I concur in the conclusion reached by Mr. Justice Stewart to the effect that said provision of the constitution is self-executing or self-operative, but I am unable to concur in his statement that in the separation of the office of county superintendent of public instruction from that of probate judge in the case of *Blake v. Board of County Commrs.*, 5 Ida. 163, 47 Pac. 734, a new office was created. The office of county superintendent of public instruction was created by the constitution that created the office of probate judge and not by the amendment under consideration in the Blake case. In the Blake case the duties of one office were not transferred from the officer who performed them *ex officio* to another officer then holding office who was to perform them *ex officio*, but were transferred to an officer to be elected to fill the office of county superintendent, and neither the constitution nor the law provided for such election, and it devolved upon the legislature to enact a law for that purpose. No new office was created by that amendment. The duties of the county school superintendent were not in any wise connected with the office of probate judge except that the probate

judge performed the duties of county school superintendent, and said amendment provided that the legislature should by general and uniform laws provide for a biennial election of a county superintendent of public instruction, and the legislature had not at the date of said decision provided a general law for that purpose, or any law whatever. In the case at bar no officer is required to be appointed or elected to fill the office of tax collector. The duties of that office have only been transferred from the assessor to the treasurer.

The case of *Hays v. Hays,* 5 Ida. 154, 47 Pac. 732, is also relied upon by the attorney general. In that case the office of district attorney as provided for by sec. 18 of art. 5 of the constitution had been abolished by amendment. Such district attorney was elected for each judicial district, to hold office for a term of four years, and each judicial district included more than one county. The amendment adopted in 1896 abolished the office of district attorney and provided for a prosecuting attorney to be elected for each organized county of the state, for a term of two years, and to perform such duties as might be prescribed by law. No duties had been prescribed by law for the county attorney, although the duties of district attorney had been prescribed by law. The court in that case held that said amendment was not self-executing and said:

"It is no answer to say that said offices might be filled by appointment, for the amendment provides that they shall be filled by election, and not by appointment, and, until the duties of the office are prescribed by legislation, it is an office without duties, as above stated, and the amendment expressly provides that compensation shall be fixed by the board of county commissioners of the respective counties at their July session next preceding the general election. The provisions of said section clearly negative any intention of permitting the appointment of the first incumbents of such office, and also clearly negative the intention of permitting (let alone authorizing) any person or board whatever to fix the salary of such officer prior to the month of July next preceding the general election to be held in November, 1898."

As I view it, there is a clear distinction between the cases referred to and the case at bar.

AILSHIE, C. J., Concurring.—I agree in the conclusion reached in this case that the amendment to sec. 6, art. 18, as adopted at the last general election, is self-executing, and that it did not require legislation to put it into operation. I also agree with what is said by Mr. Justice Sullivan to the effect that the amendment considered in *Blake v. Board of Commissioners,* 5 Ida. 163, 47 Pac. 734, did not create any new office and that the office there provided for had at all times been provided for by the constitution. I think, however, that the efforts of my associates to distinguish the cases of *Blake v. Commissioners* and *Hays v. Hays* from the case at bar are more labored than convincing. It was evidently upon the authority of those cases that the attorney general took the position in this case that this amendment is not self-operative. Those cases fully justified him in taking that position. The amendment considered in those cases was to the same section and article of the constitution that was changed by the amendment under consideration in the present case. The principle of law and construction involved in this case is no different whatever from the principle involved in those two cases. In my judgment, it is futile to undertake to distinguish the present cases from those cases, and I concur in the conclusion reached in this case wholly upon the theory that this court is not disposed to follow the reasoning adopted in those cases, rather than upon the fragile theory that there is any distinction between them.

In *Blake v. Board,* the amendment adopted separated the office of superintendent of public instruction from that of probate judge, and, whereas the duties of the two offices had been previously discharged by the same official, the amendment proposed that there be a separate officer for school superintendent. This court has held that under the constitution and statute of this state, when a new officer is provided for and no provision is made to fill the same, that a vacancy at once exists which may be filled in the manner provided for filling vacancies generally. *(Knight v. Trigg,* 16 Ida. 256, 100 Pac.

1060.)    At the time of the decision in *Blake v. Board, supra,* sec. 1821 of the Rev. Stats. of 1887 was in force, which authorized the board of county commissioners to fill all vacancies in county offices until the next general election.    All that was necessary to do in the case of *Blake v. Board* or *Hays v. Hays* was for the county commissioners to make the appointments to fill the respective offices there provided for.    The statutes already prescribed the duties of county superintendent of public instruction and also of prosecuting attorney.