(December 21, 1914.)

C. T. WARD, Assessor and Tax Collector, Appellant, v. C. W. HOLMES, Auditor and Recorder of Adams County, Respondent.

[144 Pac. 1104.]

DUTY OF COUNTY COMMISSIONERS TO FIX SALARIES—CONSTITUTIONAL AMENDMENT—EFFECT OF ON TERMS AND COMPENSATIONS OF OFFICERS —AUTHORITY OF COUNTY COMMISSIONERS TO INCREASE OR DECREASE THE MINIMUM OR MAXIMUM SALARIES OF COUNTY OFFICERS.

1. Sec. 2118, Rev. Codes, as amended by Sess. Laws. 1911, chap. 103, p. 345, provides that, "It shall be the duty of the county commissioners to fix the annual salaries of all county officers at their regular session in April next preceding any general election, except the annual salary of county attorney."

2. The adoption of sec. 6, art. 18 of the constitution, as amended (Ex. Sess. Laws 1912, p. 53), which provides, "That that sentence of sec. 6 of art. 18 of the constitution of the State of Idaho reading: 'The legislature by general and uniform laws shall provide for the election biennially in each of the several counties of the State, of county commissioners, a sheriff, a county treasurer, who is *ex-officio* public administrator, a probate judge, a county superintendent of public instruction, a county assessor, who is *ex-officio* tax col-

lector, a coroner and a surveyor,' be amended by striking out the words 'who is *ex-officio* tax collector' after the words 'a county assessor' and inserting the words 'and also *ex-officio* tax collector' after the words 'public administrator,' " in no way affects the terms of such officers, the time of their election, or their compensation.

3.  County commissioners have no authority to increase or decrease the maximum or minimum compensation of county officers in anticipation of the adoption of a constitutional amendment.

4.  A writ of mandate should not be denied where a board of county commissioners exceed their authority in fixing the annual salaries of county officers below the minimum provided by law.

APPEAL from the District Court of the Seventh Judicial District for the County of Adams. Hon. Ed. L. Bryan, Judge.

Application for a writ of mandate. Demurrer to defendant's answer overruled. Plaintiff appeals. *Reversed.*

L. L. Burtenshaw, for Appellant.

A board of county commissioners is a tribunal created by statute, with limited jurisdiction, and only *quasi*-judicial powers, and cannot act except in strict accordance with the statute. (*Gorman v. Board of Commrs.*, 1 Ida. 553; *Prothero v. Board of Commrs.*, 22 Ida. 598, 127 Pac. 175.)

Where a board of county commissioners is not acting within its jurisdiction, the action of the board is void, and may be attacked, directly or collaterally, at any time or place. (*Dunbar v. Board of Commrs.*, 5 Ida. 407, 49 Pac. 409; *Fremont County v. Brandon*, 6 Ida. 482, 56 Pac. 264; *Stookey v. Board of Commrs.*, 6 Ida. 542, 57 Pac. 312.)

B. J. Dillon, for Respondent.

It was the intention of the board of commissioners that if the assessor ceased to be *ex-officio* tax collector he should receive but $600 per year for his services. The salary of the county assessor alone had not been provided for by the legislature. "In the construction of statutes, when the intention of the legislature can be gathered from the statute, words may be modified, altered or supplied to give to the

enactment the force and effect which the legislature intended.'' (*Territory v. Clark,* 2 Okl. 82, 35 Pac. 882.)

''The remedy to correct errors and irregularities in the action of a board of commissioners acting in a matter over which such board has jurisdiction is solely by appeal.'' (*Dunbar v. Board of Commrs.,* 5 Ida. 407, 415, 49 Pac. 409.)

The writ of mandate should not issue in any case where there is a plain and adequate remedy in the ordinary course of law. (High on Extraordinary Remedies, sec. 341; Merrill on Mandamus, sec. 67; *Graham v. Gillett,* 156 Cal. 113, 103 Pac. 195; *Taylor v. Marshal,* 12 Cal. App. 549, 107 Pac. 1012; *State v. Boerlin,* 30 Nev. 473, 98 Pac. 402; *Lindsey v. Carlton,* 44 Colo. 42, 96 Pac. 997; *State v. Edwards,* 40 Mont. 287, 106 Pac. 695, 20 Ann. Cas. 239; *Steward v. Territory,* 4 Okl. 707, 46 Pac. 487.)

''To authorize a writ of *mandamus* against a public officer, relator must show a clear right to the performance of the act with the corresponding duty upon the officer to perform it.'' (*State v. Morehouse,* 38 Utah, 234, 112 Pac. 169; *Gray v. Mullins,* 15 Cal. App. 118, 113 Pac. 694; *Curtis v. Moody,* 3 Ida. 123, 27 Pac. 732; *Wright v. Kelley,* 4 Ida. 624, 43 Pac. 565.)

BUDGE, J.—C. T. Ward, assessor of Adams county, made application to the district court of said county for an alternative writ of mandate to compel C. W. Holmes, clerk of the district court and *ex-officio* auditor of said county, to issue to him a warrant for the sum of $91.66 in payment of one-twelfth of his annual salary, for the month of January, 1914, that being the amount claimed to be due under an order made by the board of county commissioners of Adams county fixing the salary of assessor and *ex-officio* tax collector, at their regular April, 1912, meeting.

An alternative writ was issued and on the return day thereof the said Holmes, in his official capacity, appeared and answered said writ, admitting that Ward was the duly appointed and acting assessor of Adams county, that at the regular April, 1912, meeting of the board of commissioners

of Adams county said board made an order fixing the salary of the assessor and *ex-officio* tax collector at $1,100 per annum for "the period from January the 13th, 1913, to the second Monday in January, 1915," the order of said board being as follows:

"In the matter of fixing salaries for the period January 13, 1913, to the second Monday in January, 1915.

"The Board orders that the following be and is hereby adopted as the salary schedule for the above period. . . . .

"Assessor and tax collector......$1100.00 per year

Assessor only ................   600.00 per year"

And after fixing in the above order the annual salaries of all county officers there was added thereto and made a part thereof the following:

"The salaries of the Assessor and Tax Collector . . . . are made contingent upon the adoption of the constitutional amendment making the treasurer the tax collector."

This latter part of the order so made by the commissioners no doubt referred to the following proposed constitutional amendment which was submitted to the voters by the legislature at a special session thereof in 1912. Said amendment is as follows:

"That that sentence of Section 6 of Article 18 of the Constitution of the State of Idaho reading: 'The legislature by general and uniform laws shall provide for the election biennially in each of the several counties of the State, of county commissioners, a sheriff, a county treasurer, who is *ex-officio* public administrator, a probate judge, a county superintendent of public instruction, a county assessor, who is *ex-officio* tax collector, a coroner and a surveyor,' be amended by striking out the words 'who is *ex-officio* tax collector' after the words 'a county assessor' and inserting the words 'and also *ex-officio* tax collector' after the words 'public administrator.' "

This amendment was adopted, thereby requiring the duties of tax collector to be performed by the county treasurer instead of the county assessor, except as later provided under

secs. 149 to 169 inclusive, Sess. Laws 1913; p. 221, which in part are as follows:

"Sec. 149. It is hereby made the duty of the Assessor, immediately upon assessing personal property whereon the tax is not a lien on real property of sufficient value, in the judgment of the assessor, to insure the collection of such tax, to compute the amount of taxes due on such personal property . . . . and at the same time, the Assessor must collect such taxes and issue a tax receipt therefor, upon blanks in the form supplied by the State Auditor. . . . .

"Sec. 150. If the payment .of any tax due on personal property, as prescribed in the preceding section, is refused, the Assessor must then and there distrain and sell in the manner provided for the distraint and sale of personal property for taxes, so much of such property as may be necessary to pay such taxes, or forthwith bring suit with attachment in aid of such suit, for the amount, or estimated amount, of such taxes due."

It will therefore appear that for certain purposes the assessor is still the tax collector. It was no doubt the intention of the board of county commissioners to provide that in the event the constitutional amendment, *supra,* was adopted and became self-executing the assessor would be relieved of the duties of tax collector and therefore should receive as compensation for his services as 'such assessor $600 per annum instead of $1,100. But in this connection we must consider chap. 103, Sess. Laws 1911, at p. 345, amending sec. 2118, Rev. Codes, which provides:

"It shall be the duty of the board of county commissioners of each county, at its regular session in April next preceding any general election, to fix the annual salaries of the several county officers . . . . to be elected at said general election, for a term commencing on the second Monday in January next after said meeting, and in no case shall the salary of any county officer be less than the lowest amount hereafter designated for such officer, and in no case shall it be higher than the highest amount hereafter designated for such officer. . . . .

"The assessor and *ex-officio* tax collector shall receive a salary of not less than Eight Hundred Dollars ($800) per annum and not to exceed Three Thousand Dollars ($3000) per annum."

It will be observed from the above statute, as amended, that the salary of assessor and *ex-officio* tax collector could not be fixed at less than $800 per annum, or to exceed $3000 per annum. (*Guheen v. Curtis,* 3 Ida. 443, 31 Pac. 805.)

In the case of *Cleary v. Kincaid,* 23 Ida. 789, 131 Pac. 1117, the court in·constructing sec. 6, art. 18, *supra,* held that said constitutional amendment was self-executing and transferred the duties of tax collector from the office of the county assessor and imposed such duties upon the office of county treasurer, but that the office of county assessor and county treasurer were in no way affected as to the terms of such officers or the time of the election of such officers or their compensation.

The maximum and minimum salaries to be paid county officers, as well as the time when their salaries shall be fixed, are provided by law. The county commissioners have no authority to change the maximum or minimum so fixed, either by increasing or decreasing the same during the term for which said officers were elected or appointed, or to anticipate that a constitutional amendment would be adopted, and therefore in keeping with their anticipation fix the salary of a county officer below the minimum fixed by law.

The amendment to art. 18, sec. 6, was adopted November 5, 1912. The board of county commissioners fixed the salary of all the county officers, including the appellant's predecessor, for a period from January 13, 1913, to the second Monday of January, 1915, at their regular April meeting, 1912. When the amendment was adopted the assessor was relieved of the duties of tax collector which had theretofore been performed by him by reason of his election to the office of assessor, but this could in no way affect his compensation, nor was the compensation of the county treasurer increased or decreased by reason of the adoption of said amendment. The attempt on the part of the commissioners to fix the salary

of the assessor, who was then *ex-officio* tax collector, below the minimum provided by law, was clearly, in our opinion, void and of no force or effect. That portion therefore of the order made by the board of county commissioners of Adams county at their regular April meeting, 1912, which provides, "Assessor only, $600.00 per year," made contingent upon the adoption of the constitutional amendment making the treasurer the tax collector, was null and void and of no force or effect.

We have concluded that it is not necessary for us to determine the constitutional question suggested by counsel for the respondent. This question was not raised in the trial court, and a determination of that question is not essential to a full disposition of the issue involved in this case. The real question that we are called upon to consider here is not when the officer shall be paid, but what compensation he is entitled to receive under the order of the board of county commissioners, *supra*. The fact that the assessor elected at the November election, 1912, resigned, and subsequently thereto the appellant was appointed to fill out the unexpired term of his predecessor, in no way affects the question of compensation.

We are therefore of the opinion that the trial court erred in overruling the demurrer to the defendant's answer and that a writ of mandate should issue. Said cause is remanded, with instructions to the trial court to issue said writ.

Costs awarded to appellant.

Sullivan, C. J., and Truitt, J., concur.