STATE OF FLORIDA ex rel. EUGENE HAWKINS, *Plaintiff in Error*, v. ERNEST AMOS, Comptroller of the State of Florida, *Defendant in Error*.

En Banc.

Opinion filed May 1, 1929.

*C. L. Waller*, for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for Defendant in Error.

PER CURIAM.—At the legislative session of 1927, it was enacted by Chap. 12125, Laws of Florida (Senate Bill No. 172) :

> Section 1. That the name of Eugene Hawkins be, and the same is hereby placed on the pension roll of the State of Florida; and the Comptroller is authorized and directed to pay unto the said Eugene Hawkins a pension in like sum and manner as the Confederate pensioners of the State of Florida are paid.

The Comptroller declined to issue warrants in payment of said pension. The beneficiary of the Act, Eugene Hawkins, brought mandamus to compel compliance. The matter is here upon writ of error to a final judgment below overruling a motion for peremptory writ and dismissing the alternative writ, thereby sustaining respondent's return to the alternative writ.

Sec. 1444, Rev. Gen. Stats. 1920, as modified by subsequent Acts, and now appearing as Sec. 2098, Comp. Gen. Laws of 1927, define generally who shall be entitled to pensions as Confederate veterans. Amongst those so entitled

are persons who enlisted and served in the military or naval service of the Confederate States during the war between the States of the United States, and who did not desert the Confederate service, and who performed service in actual line of duty for a period of not less than one year, or who was in actual service at the time of the close of the war, unless incapacitated for such duty by reason of wounds received or disease contracted while in line of duty, or who was otherwise honorably discharged for any cause, and who shall have been a *bona fide* citizen of this State for eight years next preceding the filing of his claim for pension.

By Chap. 9206, Acts of 1923 (Sec. 2121, Comp. Gen. Laws 1927), it is specifically made the continuing duty of the State Pension Board "to investigate the war record of each and every soldier who, or whose widow, has been heretofore or may hereafter be granted a pension under special act of the Legislature, and if it be found to the satisfaction of the said pension board that any soldier who is now receiving or may hereafter receive a pension, or whose widow is now receiving or may hereafter receive a pension, under special act of Legislature deserted the army or navy of the Confederacy or did not render service to the Confederate States, or to the State of Florida, or of any other State as a soldier or sailor of the Confederate States, or of the State of Florida, or of any other State, the State Pension Board is hereby empowered, directed and required to strike the name of such soldier or the widow of such soldier from the pension roll of the State of Florida and to discontinue all payments of pension immediately such action is taken.  *  *  *"

Respondent's return alleges that pursuant to Chap. 12125, Acts of 1927, the name of the relator was duly placed upon the pension roll of the State of Florida to receive a pension under said Act of the Legislature "in like sum and manner as the Confederate pensioners of the State of Flor-

ida are paid." That thereafter the Pension Board of the State of Florida, acting pursuant to Chap. 9206, Acts of 1923, did proceed to investigate the war record of relator, whereupon it was found to the satisfaction of the pension board that the relator did not render any service whatever to the Confederate States, or the State of Florida, or any other State as a soldier or sailor of the Confederate States, or the State of Florida, or any other State. Upon this finding the relator's name was stricken from the Confederate pension roll, and no payments were made to him. The allegations of the return last stated are not traversed. Relator makes no contention or representation that he was ever in the service of the Confederate States during the War Between the States.

If Chap. 12125, *supra,* purports to grant relator a pension as a Confederate veteran, then the action of the pension board striking relator's name from the pension roll, and respondent's refusal to issue warrants, were clearly required and justified by Chap. 9206, Acts of 1923, and Sec. 1444, Rev. Gen. Stats. 1920. Relator not claiming to have served as a Confederate soldier or sailor clearly, under the provisions of the two statutes last cited, cannot receive a pension as a Confederate veteran. There is nothing in the provisions of Chap. 12125, *supra,* which would operate as either an express or implied repeal of Chap. 9206, *supra,* so as to take this case out of the operation of the latter chapter.

If it was the purpose of Chap. 12125, *supra,* to grant relator a pension generally, and for reasons independent of and unconnected with any service rendered to the Confederate States, the provision in said chapter that the said pension shall be "in like sum and manner as Confederate pensioners of the State of Florida are paid" having reference merely to the amount of the pension and the method of issuing warrants in payment thereof, it being the intention of

the Legislature that relator should receive a pension independently of any service rendered to the Confederacy, then the Legislature, by Chap. 12125, *supra,* failed to make any appropriation for the payment of such pension even if it was competent to do so under the provisions of Sec. 3, Art. 13 of the Constitution. For the reasons first given, payment cannot be made from the funds appropriated for the payment of Confederate pensions. For the reason last given, payment cannot be made from any other fund. It follows, therefore, that the judgment below refusing to issue a peremptory writ and discharging the alternative writ must be, and the same is hereby affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J. ,concur.