West, Circuit Judge:
 

 By this suit complainant seeks to have defendants, Trustees of the Internal Improvement Fund, convey to him certain lands which are described in the bill of complaint, The appeal is from an order sustaining a demurrer of defendants to an amended bill and dismissing the bill.'
 

 The allegations of the bill, in substance, so far as it is necessary to state them for the purpose of disposing of
 
 *1154
 
 this appeal, are, that complainant is the owner, seized of the fee-simple title and in possession of the lands described; that it is swamp and overflowed land granted to the State by Act of Congress approved September 28, 1850,' and became a part of the Internal Improvement Fund of the State; that complainant entered upon the land in 1914 and made application to purchase it under the provisions of Sections 1073-5, Rev. Gen. Stats, of Florida; that in all respects he complied with the requirements of the statutes and is in every way qualified and entitled to purchase and to receive title to the land, but defendants, Trustees of the Internal Improvement Fund, refuse to perform their duty prescribed by law and make deed to him for the land.
 

 It is further alleged that the land described was not, at the time of complainant’s application therefor, “located and embraced within any legally organized and established Drainage District,” and that the proviso contained in Section 1073, Rev. Gen. Stats., is not applicable and controlling upon the rights of complainant to the relief sought; that title to the land was not vested in the Internal Improvement Fund at the time of complainant’s original application therefor, and, if had it been so vested, it was not necessary-for the execution of the original public trust to be performed by the Internal Improvement Fund. And upon various grounds it is alleged that the proviso in the statute is unconstitutional and void.
 

 There is a prayer that the defendants, Trustees of the Internal Improvement Fund, be required to execute and deliver to complainant a deed for the land, after complainant has first paid $1.25 per acre therefor.
 

 The statute, Section 1073, Rev. Gen. Stats, reads as follows:
 

 
 *1155
 
 “Any person being the head of a family or twenty-one years of age, and a citizen of this State, shall be entitled to purchase eighty acres or less quantity of any land of the Internal Improvement Fund donated to the State by the Act of Congress of September 28th, 1850, for the price of twenty-five cents per acre, as provided in the two sections next following: Provided, however, That the provisions of this section shall not apply to any lands in the Drainage District now created, or which may hereafter be created.”
 

 The two following sections referred to outline the procedure for obtaining title to such land, and provide certain preemption rights to the benefits conferred by the statute.
 

 The allegations of the bill are indefinite and somewhat confusing. It is not clearly alleged that either at the time the application for deed was made, or the time suit was filed, the title to the land was in the Trustees of the Internal Improvement Fund. The bill alleges that possession and fee-simple title are in complainant; that the land was granted to the State by act of Congress of September 28, 1850, and became a part of the Internal Improvement Fund, but it further alleges that title to the land was not, at the time of complainant’s application, vested in the Internal Improvement Fund, and, if so vested, it was not necessary for the purposes of the trust imposed upon it.
 

 It is familiar law, often reiterated, that it is incumbent upon a complainant to allege in his bill, clearly and definitely, every fact that is necessary to entitle him to relief, and if he omits allegations of essential facts, or alleges facts which show he is not entitled to the relief sought, he must suffer the consequences. Durham v. Edwards, 50 Fla. 495, 38 So. R. 926; McClinton v. Chapin, 54 Fla. 510, 45 So. R. 35; Norton v. Jones, 83 Fla. 81; 90 So. R. 854; Williams v. Dormany, 99 Fla. 496, 126 So. R. 117.
 
 *1156
 
 Conceivably, it was upon this theory that the demurrer was sustained. However, it does not appear from the record that the order was grounded upon this procedural question, and from the argument in the briefs, we infer that it was not. There is another point clearly decisive of the case, which we will consider.
 

 The rule is that a demurrer admits to be true all material allegations of fact that are well and sufficiently pleaded. Shone v. Bellmore, 75 Fla. 515, 78 So. R. 605; Amos v. Gunn, 84 Fla. 285, 94 So. R. 615. But a demurrer does not admit as true allegations that are inconsistent with law, or conclusions of law. Apalachicola L.
 
 &
 
 D. Co. v. McRae, 86 Fla. 393, 98 So. R. 505; Capital City Bank v. Hilson, 64 Fla. 206, 60 So. R. 189. Nor does a demurrer admit as true allegations contrary to facts judicially known to the court, and such allegations will be considered as a nullity and disregarded. 49 C. J. 440; 1 Daniels’ Chancery Practice (8 Ed.) 458; Heiskell v. Knox County, 132 Tenn. 180, 177 So. W. R. 483; Yarbrough v. North Carolina Park Commission (N. C.) 145 So. E. R. 563; Petty v. City of Atlanta (Ga.) 148 So. E. R. 747; French v. Senate of California, 146 Cal. 604, 80 Pac. R. 1031.
 

 The general or public statutes of a state are judicially recognized by the courts of that state. Amos v. Mosley, 74 Fla. 555, 77 So. R. 619; A. C. L. R. R. Co. v. State, 73 Fla. 609, 74 So. R. 595; Cox v. Board of Trustees, 161 Ala. 639, 49 So. R. 814; People ex rel. Downs v. Brown, 281 Ill. 393, 118 N. E. R. 67.
 

 And courts of the State take judicial notice of the location and relative situation of land in the State officially surveyed and mapped under authority of Acts of Congress. 23 C. J. 95; Ledbetter v. Borland, 128 Ala. 418, 29 So. R. 579; Greene County v. Clay County, 135 Ark. 301, 205 So. W. R. 709; Muse v. Richards, 70 Miss. 581, 12 So. R. 821;
 
 *1157
 
 Stanford v. Bailey, 122 Ga. 404, 50 So. E. R. 161; Myher v. Myher, 224 Mo. 631, 123 So. W. R. 806.
 

 The Everglades Drainage District was created and its boundaries fixed by statute, of which the court making the order appealed from takes judicial notice. Sec. 1160, Rev. Gen. Stats. The land described in the bill and which complainant seeks to have conveyed to him, is, according to the United States Government Survey, of which the court takes judicial notice, located within this Drainage District.
 

 The proviso in the statute (Sec. 1073, Rev. Gen. Stat.) that “this section shall not apply to any lands in the Drainage District, now created or which may hereafter be created,” under which complainant asserts his claim, antedates the filing of his application, having been added to the section in 1909. The State, in making the grant, had the power to prescribe conditions upon which it should be available. To restrict its operations to property outside existing drainage district was clearly within legislative power.
 

 Complainant cannot invoke the statute, claiming its benefits, and reject the proviso contained in it which denies to him the rights asserted. Therefore, upon the ease made by the bill, complainant was not entitled to the relief sought.
 

 It follows that the order appealed from should be affirmed. It is so ordered.
 

 Affirmed.
 

 Terrell, C. J., and Whitfield, Ellis, Strum and Brown J. J., concur.
 

 Buford, J., disqualified.