NORTHERN INVESTMENT CORPORATION v. CITY OF COCOA.

158 So. 889.
Division B.
Opinion Filed January 5, 1935.
Petition for Rehearing Denied February 11th, 1935.

*Claude Ogilvie,* for Plaintiff in Error;

*Fleming & Snow,* for Defendant in Error.

BUFORD, J.—Writ of error in this case is to review the judgment of the Circuit Court in and for Brevard County setting aside the levy of an execution issuing out of that court in favor of Northern Investment Corporation against the City of Cocoa, which execution was levied on the North Fifty Feet of Lot L, Assessors Plat of the City of Cocoa, Florida.

This is the proper procedure to review such judgment.

See First National Bank of Miami v. Bebinger, 99 Fla. 1290, 128 Sou. 862.

Judgment was rendered against the City of Cocoa on October 13, 1933. Execution was issued and levied on the above described property. Motion to set aside execution was filed on October 18, 1933. In support of the motion to set aside the execution, an ordinance, which showed upon its face that it was passed at a special meeting of the City Council of the City of Cocoa held on the 3rd day of October, 1933, was introduced.

The ordinance is as follows:

"No. 118.

"An Ordinance Declaring Certain Property in the City of Cocoa to be Held by the City of Cocoa for Public Purposes and for Other Purposes.

"*Be It Ordained by the City Council of the City of Cocoa, Florida, and It is Hereby Ordained by Authority of the Same:*

"Section 1: That all of the following described real estate, located within and without the City of Cocoa, is held by the City of Cocoa for the purpose of exercising the powers granted to it under the Constitution and laws of the State of Florida, and for public purposes:" * * *

Then follows the description of eight separate pieces of property, the last of which is:

"The north 50 feet of Lot 'L,' Assessor's Plat of the City of Cocoa."

Then appears the following:

"Section 2. That the said property is held by the City of Cocoa in trust for public uses, and is not held for private purposes or for profit, or for purpose of income or sale.

"Section 3. The enumeration of properties herein stated is not to be deemed as exclusive of any other property which

is now or may hereafter be held by the City of Cocoa for public purposes, but is a specific designation of all the foregoing property as being property held by the City of Cocoa in trust for public purposes.

"Section 4. That all ordinances or parts of ordinances in conflict with this ordinance be, and the same are hereby repealed.

"Section 5. That the method of publication of this ordinance shall be by posting a copy of same in two public places in the City of Cocoa for a period of thirty days.

"Passed at a special meeting of the city council of the City of Cocoa, Florida, this 3rd day of October, A. D. 1933."

As we construe this ordinance, it is insufficient to accomplish the purpose for which it was evidently intended. It is not enough for the city simply to pass an ordinance appropriating land "for public purposes." But the ordinance, if it be valid, must set out the purpose for which it is appropriated that the courts may determine whether or not that purpose is a public purpose. Payment of the debts of the municipality is a public purpose.

Aside from this, the ordinance is not effective to void the lien acquired by the judgment and levy of execution, because the court may take judicial cognizance of the statutory law existing governing the enactment of ordinances by municipalities. See Morrison v. Braddock, 100 Fla. 1152, 131 Sou. 124; A. C. L. Ry. Co. v. the State, 73 Fla. 609, 74 Sou. 505. Chapter 13963, Special Acts of 1929, being the charter Act of the City of Cocoa, provides;

"And no ordinance shall be enforced as a law until expiration of thirty days from the date of posting or from the first publication."

Therefore, this ordinance could not have become a law

of the city prior to the expiration of thirty days after the 3rd day of October, 1933.

For the reasons stated, the judgment must be reversed upon authority of opinions and judgments in the cases above cited and also on authority of the opinion and judgments in the cases of City of Coral Gables v. Hopkins, 107 Fla. 778, 144 Sou. 385; City of Sanford v. Dofons Corporation, opinion filed July 17, 1934.

It is so ordered.

Reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS, and TERRELL, J. J., concur in the opinion and judgment.