STATE, *ex rel.* MRS. EUGENIA WILLIAMS, *et vir,* v. FRED P. CONE, as Governor, *et al.,* Constituting the STATE BOARD OF PENSIONS.

196 So. 820
En' Banc
Opinion Filed June 21, 1940

*H. L. Grace* and *James H. Finch,* for Relators;

*George Couper Gibbs,* Attorney General, and *John C. Graham,* Assistant Attorney General, for Respondents.

PER CURIAM.—This is an original proceeding in Mandamus to compel the State Board of Pensions to place the name of the relator on the State Pension Roll, under the provisions of Chapter 19600, Acts of 1939. It is before us on motion to quash alternative writ.

The preamble to the legislative Act, supra, shows that the

relator, Mrs. Eugenia Williams, was not at the time of the passage of the Act a widow of a Confederate Soldier (but was at the time a married woman) though it does show that she had at one time been the widow of a Confederate soldier, and the conclusion is that she was during the time in which she occupied the status of a widow of a Confederate soldier, entitled to a pension under the provisions of Section 1445 R. G. S. 2099 C. G. L. The record shows that under existing conditions the relator is not entitled to receive a pension under the general pension law *supra,* and, therefore, she must rely entirely on the provisions of Chapter 19600, *supra.*

It, therefore, appears that the instant case is ruled by the opinion and judgment in the case of State of Florida, *ex rel.* Eugene Hawkins v. Ernest Amos, etc., 97 Fla. 675, 122 Sou. 8, and on authority of the opinion and judgment in that case the motion to quash might be granted.

Aside from this, however, the preamble to Chapter 19600, contains the following:

"Whereas, Mrs. Eugenia Williams of Jackson County, Florida, was the lawful wife of the late Andrew J. Dean of Jackson County, Florida, who during his life was on the pension rolls of the State of Florida as a Confederate pensioner; and

"Whereas Mrs. Eugenia Williams was the lawful wife of said Andrew J. Dean at the time of the latter's death in the year 1931; and

"Whereas the said Eugenia Williams has since remarried, having married one Henry C. Williams, with whom she is living as his lawful wife; and

"Whereas the said Henry C. Williams is now more than 80 years of age and is infirm and unable to work; and

"Whereas, the said Eugenia Williams and her husband,

Henry C. Williams, are both unable to earn a living by their labor, and are without means of support."

This preamble shows that Mrs. Williams is not the widow of a Confederate soldier but that she is the wife of one Henry C. Williams who is more than 80 years of age and that both Mrs. Williams and Mr. Williams are unable to earn a living and are without means of support.

It, therefore, appears that the Act was passed to grant a pension to Mrs. Williams who because of age, infirmity and misfortune was found to be in need and to have claims upon the aid and sympathy of society.

Section 3 of Article XIII of the Constitution of Florida was amended by Senate Joint Resolution No. 170 submitted to the people by the Legislature of 1935 and approved by the electorate of Florida in the November election, 1936, and provides, *inter alia:*

"Section 3. The respective counties of the State shall provide in the manner prescribed by law, for those of the inhabitants who by reason of age, infirmity or misfortune, may have claims upon the aid and sympathy of society; provided, however, the Legislature may by general law provide for a uniform state-wide system for such benefits and appropriate money, therefor; but no such general law shall provide benefits to any person who shall not have been a resident of the State of Florida for a period of five years continuously next preceding his application therefor, nor shall such general law provide for benefits to any person solely on account of age, who has not attained the age of sixty-five years;" * * *

This organic provision limits the power of the Legislature in regard to the enactment of statutes for the benefit of those of the inhabitants who by reason of age, infirmity or misfortune may have claims upon the aid and sympathy

of society, so that the State may render such aid only under general law which will provide for a uniform state-wide system for such benefits.

As we construe the above quoted provision, it precludes the enactment of statutes or the appropriation of funds for the purpose of carrying into effect such statutes as that here under consideration.

Such cases as this are thereby left to be taken care of by such provisions as the county may make in that regard.

For the reasons stated, the motion to quash is granted.

So ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.

Justice CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.