SPESSARD L. HOLLAND (Successor to Fred P. Cone), as Governor of the State of Florida, and J. M. LEE, as Comptroller, and J. EDWIN LARSON, as Treasurer of Florida, as and Constituting the State Board of Pensions, Plaintiffs in Error, v. STATE ex rel. MRS. SARAH ANN CARROLL, et vir, Defendants in Error.

200 So. 695

Division A

Opinion Filed February 28, 1941

J. Tom Watson, Attorney General, and Donald K. Carroll, Assistant Attorney General, for Plaintiffs in Error;

Thomas J. Ellis and Baker & Ulmer, for Defendant in Error.

BUFORD, J.—In this case the controlling question presented is whether or not under the provisions of Chapter 18047, Acts of 1937, Section 1 of which provides: "That the widow of any person entitled to pension under the law of this State by reason of service in or for the Confederate States during the war between the States shall not be debarred from pension on account of remarriage" a woman who was the widow of a man who at the time of his death was entitled to receive a pension under the laws of Florida by reason of service in or for the Confederate States during the war between the States may after remarriage and while occupying the position of a married woman apply for and be entitled to receive a pension.

From the language of the Act it appears that it was the legislative intent to grant pensions under such conditions. This is true because Section 1445 R. G. S., 2099 C. G. L., provides, inter alia:

"Provided that such subsequent marriage shall not prevent any widow over the age of forty years of a deceased solider from drawing a pension under the provisions of this law, if said marriage has been dissolved by death of decree in

chancery, shall be entitled to receive the sum of four hundred eighty dollars per annum, in payments monthly of forty dollars each."

The effect of Chapter 18047, *supra*, was to eliminate this part of Section 1445 R. G. S., 2099 C. G. L., and to make those widows who were at the death of their husbands entitled to pensions eligible for pension regardless of remarriage.

In 68 C. J. 263 we find: "It has been said that in the general sense of mankind and even in a legal sense, although a widow remarries she does not cease to be the widow of the deceased husband."

The cases of Mathews v. Marsden, 71 Mont. 502, 203 Pac. 775; *In re:* Ray's Estate, 35 N. Y. S. 481, 13 Misc. 480; Hansen v. Brann & Stewart Co., 90 N. J. Law 444, 103 Atl. 696, support the text.

In Henderson v. Usher, 125 Fla. 709, 170 Sou. 846, we considered the right of the widow to elect to take dower after her marriage and held that she continued to have the benefits statute, regardless of remarriage, and that although remarried she could exercise the rights of the widow of her deceased former husband.

The plaintiff in error relies to some extent on our opinion and judgment in the case of State *ex rel.* Williams v. Cone, as Governor, *et al.*, 143 Fla. 452, 196 Sou. 820. In that case the relators relied upon a special Act of the Legislature, being Chapter 19600, Acts of 1939, and neither relied upon nor cited as a basis for receiving a pension Chapter 18047, Acts of 1937. . Therefore, the effect of that statutory provision upon her right to apply for and receive a pension was not considered or adjudicated in that case.

For the reasons stated, the judgment is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, J. J., concur.