STATE OF FLORIDA *ex rel.* DARWIN BRANCH GIVENS v. SPESSARD L. HOLLAND, Governor, *et al.,* as and Constituting the Florida Board of Pensions of the State of Florida.

2 So. (2nd) 735

Division A

Opinion Filed June 3, 1941

*Whitaker Brothers,* for Relator.

*J. Tom Watson,* Attorney General, and *Lewis W. Petteway,* Assistant Attorney General, for Respondent.

BUFORD, J.—On the 22nd day of April, 1941, we issued our alternative writ of mandamus addressed to the respondents constituting the State Board of Pensions, "to place the name of DARWIN BRANCH GIVENS upon the Confederate Pension Roll and pay to him said pension from June 12, 1939, being the date this Act became effective, as well as in the future as other Confederate pensioners are paid or upon your failure so to do that you the said Spessard L. Holland, Governor, J. M. Lee, Comptroller, and J. Edwin Larson, Treasurer, as and constituting the Florida Board of Pensions of the State of Florida in your respective capacities in which you are herein joined to show cause, if any you have, before this Court on the 30th

day of April, A. D. 1941, why peremptory writ of mandamus should not issue herein, and have you then and there this writ."

Respondents have filed motion to quash and the relator has filed motion for peremptory writ. Both parties have filed stipulation submitting the cause to the court for final determination on pleadings as they stand.

Chapter 19550, Acts of 1939, is as follows:

"AN ACT Granting a Confederate Pension to Darwin Branch Givens, of Hillsborough County, Florida.

"WHEREAS, At and during the session of the Legislature of the State of Florida in A. D. 1937, there was introduced in House of Representatives thereof and passed and duly certified to the Senate of said Legislature, the following House Bill, to-wit:

" 'An Act Granting a Pension to Darwin Branch Givens of Hillsborough County, Florida.

"WHEREAS, Darwin Branch Givens of Tampa, Hillsborough County, Florida, is now eighty (80) years of age, and was born and has resided in said Hillsborough County, State of Florida, continuously all his life, and

"WHEREAS, he was only five (5) years of age at the beginning of the War between the States and too young to enlist in the cause of the Southern Confedercay, and

"WHEREAS, In the year 1865 a detachment of the Army of the Southern Confederacy was camped at Tampa, Florida, in defense of said town, and

"WHEREAS, At this time the said Darwin Branch Givens was but nine (9) years of age, yet, notwithstanding, he rendered faithful service and great aid to

the Southern Confederacy in saving said Detachment of Florida Troops of the Southern Confederacy from being captured by Union Troops in the year 1865 by giving alarm to said troops after a race of six miles to the headquarters of said detachment and by said act enabled the troops of the said Southern Confederacy, then stationed in the said City of Tampa to escape capture by said Union Troops, and

"WHEREAS, these facts are fully established and have from time to time been commented upon by the daily papers of the said City of Tampa and known to the survivors and descendants of the said Army of the Southern Confederacy,

"THEREFORE, BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1. That the State Board of Pensions is hereby authorized and directed to place the name of the said Darwin Branch Givens of Tampa, Hillsborough County, Florida, on the Roll of Confederate Pensions as of January 1st, A. D. 1937, and that he be paid the same amount as other pensioners of the Southern Confederacy are paid.

"Section 2. That all laws or parts of laws in conflict with this Act are hereby repealed.

"Section 3. This Act shall take effect immediately upon its becoming a law.' "

First, it is the contention of the respondents that the closing quotation mark being placed at the end of Section 3 has the effect of making the Act merely a recitation of a thing which transpired in the legislative session of 1937. It is clear from reading the Act, and the House and Senate Journals in connection therewith, that the placing of the closing quotation mark at the end of the Act was a misprision and that it

should have been placed at the end of the sentence, "An Act granting a pension to Darwin Branch Givens of Hillsborough County, Florida."

It is well settled that in order to give effect to the evident purpose of a statute as a whole or some phase of it which is repugnant to the remainder or imperfectly expressed, it is permissible to transpose the words and phrases so as to accord with rather than defeat, the manifest legislative intent. See Milam, *et al.*, v. Davis, *et al.*, 97 Fla. 916, 123 Sou. 668, and cases there cited in special concurring opinion by Mr. Justice BROWN.

The provisions of Chapter 19550, *supra*, were not to create a special pension to be paid to Darwin Branch Givens but the purpose was to require the State Board of Pensions to place the name of Givens on the Confederate Pension Roll and to pay him the regular State pension allowed to Confederate Soldiers and Sailors under the General Law and from the funds appropriated for that purpose. The Act was a general Act requiring certain duties to be performed by the State Board of Pensions. The preamble to the Act served to show the reasons why Givens should receive a pension the same as is allowed by general law to Confederate Soldiers and Sailors. It shows that while Givens was a boy of tender years, he realized the imminent danger in which the Confederate forces were placed and immediately took upon himself the duty of giving the warning to the proper authorities and thereby prevented the capture, and probably the death, of many of those in the Confederate detachment which were about to be assaulted by an overwhelming force of the Union Army. His service was the equivalent of

that of a soldier and he voluntarily performed that service.

The Act was regularly passed and was effective for the purposes for which it was intended.

The peremptory writ should be and is awarded.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.