CITY OF TAMPA, a Municipal Corporation, et al., v. STATE OF FLORIDA, ex rel. W. E. EVANS.

19 So. (2nd) 697                          June Term, 1944
November 17, 1944                          Division A

*Karl E. Whitaker* and *Ralph A. Marsicano,* for appellants.
*Whitaker Brothers* and *Victor H. Knight,* for appellee.

ADAMS, J.:

Chapter 21596, Special Laws of Florida, 1941, directed that the City of Tampa retire appellee from the police department and place his name on the pension list. As a predicate to this grant, the legislative act found that:

"Whereas, W. E. Evans entered the police service of the City of Tampa, Florida, in the year 1895, and has served for more than twenty-five (25) years as such police officer of said city, but not continuously; and

"Whereas, W. E. Evans, in the line of duty received injuries from which he now suffers and will continue to suffer during his natural life, same being a broken leg;"

The City declined to comply with the act and mandamus was brought. The defense interposed by the City is that the legislative finding of fact was an encroachment on the function of the judiciary and, therfore, void; and, too, the legislative finding of fact was untrue.

The circuit judge took testimony and found a rational basis for the legislative finding of fact and awarded a peremptory writ. From that judgment the city appeals.

The Legislature has power to grant pensions as a gratuity for public service rendered. In so doing it is essential that a finding be made that the services were rendered as a prerequisite to the grant. When the grant has been made it shall be liberally construed in favor of the grantee. See State ex rel. Holton v. City of Tampa, 119 Fla. 556, 159 So. 292; State ex rel. Hawkins v. Amos, 97 Fla. 675, 122 So. 8; Northern Inv. Corp. v. City of Cocoa, 118 Fla. 405, 158 So. 889; State ex rel. Givens v. Holland, 147 Fla. 396, 2 So. 2nd 735.

The legislative findings of fact are not conclusive and may be contested in the court. In such contest the burden is on the contesting party which is the city in this case. If the court finds any rational basis for the existence of the facts found by the Legislature they will be upheld. See L. Maxcy, Inc., v. Mayo, et al., 103 Fla. 552, 130 So. 121; Borden's Farm Products Company v. Tan Eyck, 297 U. S. 251,

56 Sup. Ct. 453, 80 L. Ed. 669; United States v. Carolene Products Company, 304 U.S. 144, 58 Sup. Ct. 778, 82 L. Ed. 1234; South Carolina State Highway Department v. Barnwell Brothers, 303 U. S. 177, 58 Sup. Ct. 510, 82 L. Ed. 734; Clark v. Paul Gray, 306 U. S. 583, 59 Sup. Ct. 744, 83 L. Ed. 1001.

The trial judge considered the evidence consistent with these cases and found adversely to the city. From our consideration of the record, we fail to find error in his judgment.

Affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.