Shientag, J.
Petitioner, claiming to be next of kin of a deceased veteran, Alfred John Dell’Aquila, brought this proceeding for an order under article 78 of the Civil Practice Act directing the Veterans’ Bonus Bureau of the Department of Taxation and Finance to pay him a bonus allegedly payable on the death of his son Alfred John Dell’Aquila. Petitioner’s rights, if any, stem from chapter 547 of the Laws of 1947, effective January 1, 1948. Subdivision (c) of section 1 of this law provides for a payment of $250 to the next of kin of residents of this State who were killed on active duty with the armed forces. Next of kin is defined as “ widow or widower, children, mother, father, brothers and sisters of any member, in the order named and none other.” (§8, subd. [c].) Petitioner is the father of decedent.
The soldier was married in 1944. He was killed in 1945. He left no children. His widow remarried in 1946. She claimed the bonus and it was paid to her, although the father’s claim was before the bureau at the same time and was rejected.
The Veterans’ Bonus Bureau construed the statute to mean that the beneficiary was a person designated under the title of widow and that the person intended to take did not lose this right by any change in status between the death of the soldier and the date of payment of the bonus. It cannot be said that *56 this interpretation is unreasonable, and the construction put upoa the statute by public authorities is entitled to great weight (Matter of Mounting and Finishing Co. v. McGoldrick, 294 N. Y. 104).
However, the construction of the Department of Taxation and Finance is not necessarily final where a definite legal problem, fully divorced from facts, is raised, and we accordingly prefer to rest the decision on our interpretation of the legislative intent in using the term “ widow
In Matter of Ray (13 Misc. 480, 485) it was held that a woman, though the wife of another, is still the widow of a former husband, and the court said: ‘6 The law invests them with the name of ‘ husband ’ or ‘ wife ’ or ‘ widow ’ for certain legal purposes, and under these names, although the designation may not come within the definition of the dictionary, property may vest in them, whether it comes to them by legacy or otherwise. Notwithstanding the definitions of the words ‘ wife,’ ‘ widow ’ and ‘ husband,’ we apprehend it is not our duty to. accept them in place of the statutes of this state which make use of these words, whether correctly or not, to designate persons entitled to certain legal rights. The words ‘ wife,’ ‘ widow ’ and ‘ husband ’ have obtained a legal use and significance in the settlement of estates which may not correspond to the technical definition of the lexicographers, but it is the duty of courts to give that effect to these words which long use and custom have sanctioned. Until the legislature has removed all doubt by plainly saying that the 1 husband of a daughter, if she be living,’ or the ‘ widow of a son, if she be unmarried,’ are exempted from the tax, courts are justified in giving that interpretation to the Transfer Tax Act which will make effective the objects of the law and confer upon heirs and legatees the benefit which the legislature intended.”
Though a different construction occurs in Matter of Embiricos (184 Misc. 453, 454) the general statement was not necessary for the decision. The Embiricos case dealt with the separation agreement which provided for monthly payments to a wife 6 ‘ so long as said wife remains either married to the husband or single or the widow of said husband.” The husband died and the wife remarried. The question was whether, under this particular phraseology, the wife was still entitled to the monthly payments as the widow of her deceased first husband. The only question that had to be decided was what meaning the husband intended when he used the term “ widow ” in the separation agreement, and the phraseology showed that the husband had in mind the possibility of his wife’s remarriage either after a divorce or *57 after his death, and he anticipated both contingencies. The Embiricos case does not involve the construction of.the term “ widow ” in any statute.
In Duckett v. Kansas Soldiers’ Compensation Board (145 Kans. 520, 524) the question was presented whether the remarried widow of a deceased veteran was entitled to the Kansas State bonus for World War I veterans. The Kansas Supreme Court reviewed the use of the term “ widow ” in statutes and concluded: “ The general policy of the law is favorable to marriage, and it is not for the courts to put a strained construction on a statute which would penalize remarriage. If the Legislature had intended that her remarriage should strip the widow of what would otherwise be her right, it could have said so.”
A similar decision is found in Davis v. Neal (100 Ark. 399) and again the court stated that the word ££ widow ” refers to the person and not to her state or condition. The same construction was given by the Montana court in Mathews v. Marsden (71 Mont. 502). This construction is uniformly held in the case of descent and distribution statutes providing for payment to the widow of a decedent (McDaniel v. Sloan, 157 Tenn. 686). Matter of Rhead (288 Mich. 220) was a tax exemption case under an inheritance tax statute, where the State contended that a woman was no longer a widow of the son of the testatrix since she had remarried before the death of the testatrix. The court cited numerous cases to the effect that the word “ widow ” indicates the person, not the estate (Georgia R. R. and Banking Co. v. Garr, 57 Ga. 277; Hansen v. Brann & Stewart Co., 90 N. J. L. 444; Matter of McArthur, 210 Cal. 439). Under the Florida Pension Law for the widows of Confederate soldiers, the court held that a widow took notwithstanding a remarriage (Holland v. State, 146 Fla. 308).
In the absence of a specific provision that a widow who remarries loses her rights as widow, the great weight of authority throughout the country is in favor of interpreting the term <£ widow ” in statutes as designating the person and not the continued marital status of that person.
It should be noted that the Federal Pension Act (U. S. Code, tit. 38, § 505, subd. [b]), passed July 28,1934, defines ££ widow ” as one married to a veteran prior to July 31, 1931, ££ and who has not remarried.” A similar provision occurs in the World War Veterans’ Compensation Law (U. S. Code, tit. 38, §§ 661, 662), passed in 1924 and 1926. The New York State Legislature doubtless has these acts in mind, and the omission of any such qualification is significant that none was intended.
*58 The only requirement in our bonus statute as to beneficiaries is that the party named as a beneficiary shall be alive at the time of payment. In other words, there is no vesting of interest. This was decided in Matter of Kohn v. Bates (275 App. 431, affd. 300 N. Y. 722). There the court held that the provisions of the statute indicate that if the person eligible for payment of the bonus should die before actual payment is made the surviving next of kin next in line in the order named in the statute would be entitled to receive payment thereof. Survival of person and not continuance of status is the test under the statute. This statute is a gratuity and does not grant property rights which pass to the estate of an applicant who died prior to payment, but there is no suggestion in the statute that anything more than survival is required of any of the parties named as beneficiaries. The order should be affirmed.
Dore, J.