WALDEN, Judge.
The defendant was convicted of robbery and appeals. We reverse because of an erroneous interpretation and application of Rule 1.250, F.R.Cr.P., 33 F.S.A., it being exactly worded as Section 918.09, F.S.1969, F.S.A. The provision is:
“918.09 Accused may make himself a witness. — In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.” (Emphasis supplied.)
The defendant was denied the right to the concluding argument before the jury. This denial hinged upon the trial court’s view that the defendant had in fact introduced evidence other than the defendant’s testimony. This was error.
What actually happened? At the defendant’s behest, the trial court took judicial notice of the immunity statute, F.S. § 932.29, Laws of 1969. This transaction was deemed to be the introduction of evidence by the defendant, thereby disqualifying him from his right to close.
Judicial notice has been defined as “. . . the cognizance of certain facts which judges and jurors may properly take and act upon without proof, because they already know them.” Mitchum v. State, Fla.App.1971, 251 So.2d 298, 300. Courts are empowered to take judicial notice of domestic statutes. Morrison v. Braddock, 1930, 100 Fla. 1152, 131 So. 124.
There is a difference between' judicial notice of domestic statutes and judicial notice of foreign laws. Courts can notice domestic statutes on their own motion without the necessity of proofs. However, with reference to foreign laws, same must be proven by parole evidence or in a proper case by an exhibit consisting of a written copy of such law. See Sections 92.031 and 92.04, F.S. 1969, F.S.A. Although, as mentioned, courts are empowered to notice domestic statutes, municipal ordinances of cities within the state can not be judicially noticed but are subject to proof. Freeman v. State, 1882, 19 Fla. 552.
In Amos v. Mosley, 1917, 74 Fla. 555, at 564-565, 77 So. 619, at 622, a leading case on judicial notice, the State Supreme Court stated,
“ ‘Judicial notice takes the place of proof, and is of equal force. As a means of establishing facts, it is there *49 fore superior to evidence, * * * since, as it stands for proof, it fulfills the object which evidence is designed to fulfill, and makes evidence unnecessary. * * * If, in regard to any subject of judicial notice, the court should permit documents to be referred to as testimony introduced, it would not be in any proper sense, the admission of evidence, but simply a resort to a convenient means of refreshing the memory, or making the trior aware of that of which everybody ought to be aware.’ [State v. Main, 69 Conn. 123, 37 A. 80]” (Emphasis supplied.)
Applying the reasoning in Amos v. Mosley to the case at hand, appellant’s argument of the judicially noticed immunity statute to the jury during final arguments was not evidence. Here it was intended to make the jury aware of what everyone ought to know, the published statutory law. Defendant’s counsel argued the statute to the jury to point out that the prosecution witness, who was admittedly involved in this crime, was immune from prosecution, in spite of the self-incriminating testimony he gave in this trial.
In the instant case defendant-appellant properly objected to the court’s denial of his right to open and close. The right to make closing argument in a criminal trial is a vested procedural right. Denial of this right constitutes reversible error. Birge v. State, Fla.1957, 92 So.2d 819; Davis v. State, Fla.App.1971, 256 So.2d 22; Cagnina v. State, Fla.App.1965, 175 So.2d 577. In Birge, while holding that merely exhibiting a shirt in front of the jury did not constitute testimony, the Supreme Court stated, . . the right (to open and close) guaranteed to an accused is a vested procedural right the denial of which constitutes reversible error.” Birge at 821 of 92 So.2d. There the appellant’s counsel specifically stated that he had no intention of offering the shirt in evidence. Appellant’s attorney in the instant case mistakenly referred to the judi-daily notice statute as evidence; however, it was not, as judicial notice makes evidence unnecessary.
Defendant’s remaining points on appeal have been examined and found to be without merit.
The judgment is reversed and the case remanded with instructions to grant defendant a new trial consistent with the views herein expressed.
Reversed and remanded.
REED, C. J., and CROSS, J., concur.