SHIVERS, Judge.
Rogers appeals his conviction for possession of a weapon by a prison inmate. Section 944.43, Fla.Stat. (1979). Among other points, appellant asserts as error the trial court’s taking judicial notice of Rule 33.-306(1), Fla.Admin.Code. We affirm defendant’s conviction on all points but this one point appears to merit further discussion.
Section 944.43 proscribes possession of weapons by inmates contrary to any rule or regulation of Department of Corrections. DOC implemented the statute by promulgating Rule 33.306(1), Fla.Admin.Code.
The trial court arraigned Rogers on January 26, 1981, by Information (which had been filed on December 31, 1980) charging him with the unlawful possession of a weapon contrary to Section 944.43. The information recited verbatim the text of the relevant rule forbidding possession of weapon by an inmate. On April 20, 1981, the day before jury selection, the prosecution requested in writing that the trial court take judicial notice of the rule. The trial court, after argument of counsel, granted the request over Rogers’ objecton. At trial, on April 23, 1981, the Court allowed the State to publish the rule by reciting it to the jury. The jury then convicted Rogers as charged.
Section 90.202(9), Fla.Stat. (1979) provides that a court may take judicial notice of rules promulgated ■ by governmental agencies of this state which are published in the Florida Administrative Code.
Section 90.203 provides that a court shall take judicial notice of any matter in Section 90.202 when a party requests it and
(1) Gives each adverse party timely written notice of the request, proof of which is filed with the court, to enable the adverse party to prepare to meet the request.
(2) Furnishes the court with sufficient information to enable it to take judicial notice of the matter.
In Jones v. State, 392 So.2d 18 (Fla. 1st DCA 1980), we considered a similar violation of the same statute and rule. There we approved the trial court’s action in reopening evidence so that the State could introduce the said Department of Corrections rule. In that case we noted that in light of the way the issue was presented that we were not ruling on the applicability of Section 90.202(9), Fla.Stat. (1979).
In Wyatt v. State, 270 So.2d 47 (Fla. 4th DCA 1972), the Court cited the Supreme Court case of Amos v. Mosley, 74 Fla. 555, 77 So. 619 (1917) for the principle that judicial notice takes the place of proof and is a superior means of establishing facts:
Judicial notice takes the place of proof, and is of equal force. As a means of establishing facts, it is therefore superior to evidence since, as it stands for proof, it fulfills the object which evidence is designed to fulfill, and makes evidence unnecessary ....
The administrative rule, thus, could have been presented by its introduction into evidence or by the trial court taking judicial notice of it.
The question arises here whether Rogers was given timely written notice of the request to take judicial notice and whether the court had been furnished with sufficient information to take judicial notice.
Although Rogers asserts he was given inadequate notice of the prosecution’s intent to rely on Rule 33.306, Fla.Admin.Code, we find that Rogers was not prejudiced. Rogers had been furnished the text of the rule by the information approximately three months prior to trial. We further *1272 find that this rule, set forth as it was in the court file and published in Florida Administrative Code, informed the trial court sufficiently for it, upon written request, to take judicial notice.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.