DAVIS, respondent, *v.* COMMISSIONERS OF LEWIS AND CLARKE COUNTY, appellants.

EXERCISE OF DISCRETIONARY POWERS.— In all cases where commissioners are rightfully clothed with discretionary powers in allowance of claims against the county, such discretion must be controlled by legal considerations and cannot be exercised arbitrarily. And whenever such power is exercised it is always subject to review by the courts, for which an appeal is provided by law in all cases.

*Appeal from Third District, Lewis and Clarke County.*

T. J. LOWREY, Attorney General, for appellants, who filed no separate brief in this case, but relied wholly upon considerations presented in the previous case of *Hedges* v. *Commissioners of Lewis and Clarke County.*

E. W. & J. K. TOOLE, for respondent.

The questions involved on this appeal are not difficult; they depend for their solution upon a proper construction of the statute.

The statutes applicable to the questions on the appeal have been considered and cited in the brief in the case of *Cornelius Hedges* v. *The Board of County Commissioners,* submitted at this term, and to which reference is directed for a satisfactory disposition of the points raised by appellant. It is, however, in addition contended by the attorney general, that since the enactment of the repealing clause of the statute, on the 25th of January, 1881, there can be no pretext for the claim of respondent. But this does not change the case in any respect. Sec.

588, p. 531, Revised Statutes, was inserted in the revision of 1879, and remains in full force and effect. The fact that the clerk's fee bill, to which this section refers, had theretofore been repealed, could not affect the construction of this statute. When the statute provided that the probate judge should receive, in addition, such fees in all other cases, whether civil or criminal, as are allowed to clerks of district courts, the effect was the same as if the legislature had inserted into that section the several items then allowed by law to the clerks. The question then was whether the fees charged were such as were under that law authorized by the district clerk's fee bill as it was before the repeal. Upon this no question is here made.

2. So far as this case is concerned the judgment should be affirmed, independent of the construction given to the statute upon the record.

Sec. 610, p. 538, Revised Statutes, invests the board with certain discretionary powers in allowing or rejecting accounts. The discretion here mentioned is not an arbitrary, vague and fanciful discretion,— is governed by rule, not humor; it must be legal and regular. 1 Abbott's Legal Dict. 385.

By this is meant when their judgment pronounces them frivolous after an examination of all the facts and upon notice to the parties interested. *People* v. *Supervisors, etc.* 10 Cal. 344.

In this connection the point we make is that the judgment of the board is not final or conclusive. This is evident from the fact that provision is made by statute for appeals in all cases from the disallowance of any account by the board. Sec. 359, p. 483, R. S.

If the question of the propriety or impropriety of the allowance or disallowance of these accounts was not the subject of review in the district court, the provision for appeal would be a delusion and a nullity.

It follows, then, that the discretion invested in the

board is not conclusive of the case there made, but that the whole question upon the appeal may be investigated in the district court. This being so, how stands the case on the record?

No statement being appended, everything is in favor of the judgment of the district court, and that everything was found by the judge below to support the judgment.

The decisions of this court are uniform that a judgment will not be disturbed as against law when there is no statement of the case. *Davis* v. *Germain,* 1 Mont. 210; *Ming* v. *Truett,* id. 322.

WADE, C. J. This is an appeal from a judgment of the district court reversing the action of the board of county commissioners of Lewis and Clarke county in disallowing certain fees claimed by respondent from the county as probate judge thereof. The case is in all respects similar to that of *Hedges* v. *The Board of Commissioners,* decided at this term, to which reference is made (see *ante,* p. 280).

All that we wish to say in addition is, that in all cases where the commissioners are rightfully clothed with discretionary power or authority in the allowance of claims against the county, such discretion is not arbitrary, but it must be controlled by legal considerations, and when exercised is always subject to review by the courts.

The statute preserves the right of appeal from the board of commissioners to the district court in any and all cases where accounts against the county are disallowed. R. S. sec. 359, p. 483.

The judgment is affirmed, with costs.

*Judgment affirmed.*