SULLIVAN, C. J.
The appellant, as assessor and tax collector of Bingham county, made application to the district court of the fifth judicial district for a writ of mandate to compel the respondent, as treasurer of said county, to pay to appellant $1,563.42, commissions claimed to be due for the collection of $26,038.61, as the state proportion of property taxes levied in said county, and $1,431 as the state proportion of the poll taxes collected by him in said county, and paid over to the treasurer thereof. An alternative writ was issued. The respondent appeared, and by demurrer and answer raised the issue as to whether, under the facts stated in the application, it was the duty of the respondent to pay the amount claimed to appellant; or, in other words, whether respondent’s refusal was wrongful or unlawful. A trial of the issue thus raised was had before the court, and a peremptory writ of mandate refused, and judgment entered in favor of the respondent, dismissing said petition, and for costs. This appeal is from the judgment.
The contention of appellant is that it was the duty of respondent, as county treasurer, to pay the compensation claimed out of said taxes before turning the money over to the state treasurer. The respondent contends that he is prohibited, by *445 section 7, article 7 of the constitution, from paying out any part of the state taxes for any purposes whatever, but must turn the same into the state treasury. The question for our determination is, Is the appellant entitled to payment of his commissions for collecting state taxes from the state money collected by him?
The compensation claimed by the appellant is claimed under section 1679 of the Revised Statutes of 1887, so far as the property tax is concerned, and under section 2154, as to commissions on poll taxes. Section 1679 provides as follows: “The compensation for the services of auditors, assessors and tax collectors and county treasurers, respectively, for the duties performed by them in assessing, collecting, receiving and paying over territorial taxes, or the territorial portion of any taxes, are as follows: To the assessor and tax collector, as full compensation for his services and the services of his deputies, seven (7) per centum of the amount by him paid over; to the county treasurer and auditor, each, three (3) per centum of the amount paid over by the treasurer.” Section 2154, so far as it relates to the compensation to be paid to assessors and tax collectors, is as follows: “The assessor shall receive not less than twelve (12) per centum, and not to exceed fifteen (15) per centum of all per capita taxes collected, and not less than four (4) per centum, and not to exceed six (6) per centum, of all other taxes by him collected.” Prior to the adoption of the constitution, the assessor and tax collector was entitled to Teeeive as compensation a certain percentage of all taxes collected, regardless of the aggregate amount thereof; but section 7, article 7 of the constitution, declares, among other things, that he shall receive annually, as compensation for his services, not more than $3,000, and not less than $500, while section 8 of said article 7 declares that such compensation shall be paid by fees or commissions, or both, as prescribed by law. Said section 1679 prescribes the per centum to be paid to the tax collector for the collection of all state taxes, and section 2154 prescribes his minimum and maximum per centum on per capita taxes, and on all other taxes. Section 2158 of the Revised Statutes declares the method, and out of what fund, said compensation shall be paid. Prior to the adoption of the eonstitu *446 tion, the compensation of such officer, for the collection of territorial taxes, was paid by the county treasurer out of the territorial money, and we think legally so, under the provisions of section 1680 of the Eevised Statutes of 1887; but we are of the opinion that the payment of said compensation out of the' state fund is now prohibited by section 7, article 7 of the constitution, which declares that “all taxes levied for state purposes shall be paid into the state treasury.” By reason of the provisions of said section 7 of article 7 of the constitution, all taxes collected for state purposes must be paid into, the state •treasury, without any deduction for fees or commissions for collecting the'same. This court held in Cunningham v. Moody, ante, p. 125, 35 Am. St. Rep. 269, 28 Pac. 395, that “all taxps levied and collected for state purposes must be paid into the state treasury, without any deduction for commissions or other charges.” We know of no reason for changing the opinion therein expressed. The appellant is not entitled to the payment of his compensation for collecting the state taxes out of state money collected by him, but is entitled to receive his compensation therefor at the per centum prescribed by section 1679 of the Eevised Statutes out of the “current expense” fund of his county, as prescribed by the provisions of section 2158 of the Eevised Statutes. The maximum compensation to be paid annually to the assessor and tax collector is, however, limited by the provisions of said section 7, article 18 of the constitution, to the sum of $3,000, and he can in no event receive a larger sum. The judgment of the court below is affirmed, with costs of this appeal in favor of respondent.
Morgan and Huston, JJ., concur.