(May 9, 1894.)

# WICKERSHAM v. COUNTY COMMISSIONERS OF ELMORE COUNTY.

[36 Pac. 700.]

The question involved in this case was decided in case of *Cunningham v. Moody,* in which case this is the syllabus.

COLLECTION OF TAXES—PAYMENT INTO STATE TREASURY.—All taxes levied and collected for state purposes must be paid into the state treasury, without any deductions for commissions or other charges.

SAME—FEES OF COUNTY AUDITOR—REPEAL OF STATUTE.—Such parts of section 1679 and subdivision 5 of section 2157 of the Revised Statutes of Idaho as relate to fees of the county auditor for services in connection with the assessment and collection of taxes are repealed by section 4, page 179 of the First Session Laws of Idaho.

APPEAL from District Court, Elmore County.

E. M. Wolfe and Texas Angel, for Appellant.

Subdivision 5 of section 2157 provides: "The county auditors and treasurers shall receive three per centum on all territorial money collected in their counties" (See, also, sec. 2158.) These sections we deem sufficient to sustain our contention that the auditor should receive the amount claimed from the county. (*Guheen v. Curtis,* 3 Idaho, 443, 31 Pac. 805.) Section 4 of "An act concerning fees and compensation of county officers." (Laws 1890-91, p. 179.) The provisions of that section apply "when not otherwise provided by law." That section was enacted to give the auditor ten cents per name for all his services on the county taxes. Section 4 of the last-named act does not repeal section 2157 of the Revised Statutes, for the reason that the object of the two statutes is not the same. (*People v. Platt,* 67 Cal. 21, 7 Pac. 1; *Ex parte Smith,* 40 Cal. 419.) Repeal of statutes by implication not favored by the courts. (*In re Yick Wo,* 68 Cal. 294, 58 Am. Rep. 12, 9 Pac. 139.)

George M. Parsons, Attorney General, for Respondents.

There is only one question before the court in this case— Does the act of March 13, 1891 (1st Sess. Laws, pp. 174-181), fixing, among other things, the fees of auditors, repeal former statutes fixing such fees? This court has declared that it does in *Cunningham v. Moody,* 3 Idaho, 125, 35 Am. St. Rep. 269, 28 Pac. 395. Even without express repeal, "a previous statute will be held to be modified by a subsequent one, if the latter was plainly intended to cover the subject embraced by both." (*Tracy v. Tuffley,* 134 U. S. 206, 10 Sup. Ct. Rep. 527.) A new law repeals a former one by implication when the entire subject matter is intended to be revised. (*Treadwell v. Yolo County,* 62 Cal. 563, 564.) Where the statutes are repugnant, the latest in point of time must govern, and repeals the former without any repealing clause. (*In re Yick Wo,* 68 Cal. 294, 58 Am. Rep. 12, 9 Pac. 139.)

HUSTON, C. J.—The plaintiff presents his account, as auditor of Elmore county for the years of 1891 and 1892, to

the board of county commissioners of said county, in which account was included a charge of three per cent upon the state proportion of the poll, property and license tax collected within said period. The claim was rejected by the board of commissioners, from which action of the board an appeal was taken to the district court. The district court affirmed the action of the board, and the plaintiff now appeals to this court from said judgment. It is contended, by plaintiff that, under the provisions of the statute, he is entitled to the fees claimed. This question was so plainly and unequivocally decided by this court in the case of *Cunningham v. Moody*, 3 Idaho, 125, 35 Am. St. Rep. 269, 28 Pac. 395, that we are entirely at loss to account for its presentation at this time. The judgment of the district court is affirmed, with costs to respondents.

Morgan and Sullivan, JJ., concur.