(December 31, 1895.)

## 'ADA COUNTY v. GESS.

[43 Pac. 71.]

PRACTICE — COUNTY COMMISSIONERS, SUIT BY — CLAIMS AGAINST COUNTY.—Appeal from the action of the board of county commissioners in the rejection or allowance of claims against the county, is not the only remedy. Suit may be brought either by or against the county.

ASSESSOR AND TAX COLLECTOR.—If paid in excess of allowance by constitution may be recovered by suit at law. Money paid an officer of the county by the county commissioners, in violation of the provisions of the constitution may be recovered back in a suit at law.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Brown & Cahalan and W. E. Borah, for Appellant.

It will be seen by reference to the pleadings that this is an action brought by the county to recover money paid out upon an order of the board of county commissioners, from which order no appeal was taken. Our statute provides that an appeal may be taken from any order, decision or action of the board while acting in their official capacity by any person aggrieved thereby or by any taxpayer of the county where any demand is allowed against the county, or when any order, decision or action of the board is prejudicial to the public interest. This statute is broad and comprehensive, providing for an appeal from any order, action or decision in allowing illegal or prejudicial claims; and it would make no difference, so far as the application of the principle of law here invoked is concerned, whether the claims of Mr. Gess were wholly and totally illegal or not, as it would yet be necessary to review the matter by an appeal. This statute has always been interpreted, as we understand, to provide the only remedy for a review of the action of the board of county commissioners. (Idaho Rev. Stats., sec. 1776; *Picotte v. Watt,* 3 Idaho, 447, 31 Pac. 805; *Meller v. Board of Commrs.,* ante, p. 44, 35 Pac. 712; *Davis v. Commrs.,* 4 Mont. 292, 1 Pac. 750; *Morgan v. Board of County*

*Commrs.,* ante, p. 418, 39 Pac. 1118; *Rogers v. Hayes,* 3 Idaho, 597, 32 Pac. 259; *Brown v. Otoe County,* 6 Neb. 111; *Clark v. Dayton,* 6 Neb. 192; *Ragoss v. Cummings,* 36 Neb. 375, 54 N. W. 683; *State v. Churchill,* 37 Neb. 702, 56 N. W. 484; *Sioux County v. Jameson,* 43 Neb. 265, 61 N. W. 596; *Martin v. Supervisors,* 29 N. Y. 645; *Brady v. Supervisors,* 2 Sand. 449; *Brady v. Supervisors,* 10 N. Y. 260; *Boutetourt Co. v. Burger,* 86 Va. 530, 10 S. E. 264; *Board of Warren Co. v. Gregory,* 42 Ind. 32.) It was certainly proper under the law for the county to refuse to allow Mr. Gess' bills in excess of the amount which was due him according to their contention. There could be no reason or necessity under the statute for the allowance of these bills upon the part of the county, and then turn around and bring a suit for the recovery of them. In other words, we insist that the county board, having passed upon these bills and the payment having been made, that under the general rule that an action will not lie to recover for amounts paid under a mutual mistake of law, applies in this case. (*Painter v. Polk County,* 81 Iowa, 242, 25 Am. St. Rep. 489, 47 N. W. 65; *Badeau v. United States,* 130 U. S. 439, 9 Sup. Ct. Rep. 579; *Randall v. Lyon County,* 20 Nev. 35, 14 Pac. 583; *Eley v. Miller,* 7 Ind. App. 529, 34 N. E. 836; *La Salle Co. v. Milligan,* 143 Ill. 321, 32 N. E. 196; Bishop on Contracts, secs. 630, 631; *Cox v. Mayor,* 103 N. Y. 519, 9 N. E. 48; *De Graff v. Board of Commrs.,* 46 Minn. 319, 48 N. W. 1135; *Selby v. United States,* 47 Fed. 800; *Brumagim v. Tillinghast,* 18 Cal. 269, 271, 79 Am. Dec. 176; *Garrison v. Tillinghast,* 18 Cal. 404, 407; *Clark v. Dutcher,* 9 Cow. 674; *Mackey v. Fullerton,* 7 Colo. 556, 4 Pac. 1198; *Brummitt v. McGuire,* 107 N. C. 351, 12 S. E. 191; *Knobloch v. Zschwetske,* 55 N. Y. Sup. Ct. Rep. 556.)

Attorney General George M. Parsons and Hawley & Puckett, for Respondent County.

The appellant herein, Thomas B. Gess, was assessor and tax collector of Ada county during the years 1891 and 1892. That as the revenue of the county was collected by him, he paid the entire amounts so collected over to the county treasurer, and

at the several meetings of the board of county commissioners, held each year, presented to the board his bills for allowance, said bills being the percentage allowed by law. That said bills were allowed and warrants issued. That the aggregate amount of said bills for the year 1891 was the sum of $6,510.24, and for the year 1892 the sum of $7,955.12. That no part of said sums has ever been returned to Ada county. That demand therefor was made in behalf of said county prior to the commencement of this action. Judgment was entered in favor of respondent for $8,465.05 and interest. Section 7 of article 18 of the constitution provides that the assessor shall receive as compensation for his services not more than $3,000 per year. Section 8 of the same article provides that all fees and commissions received by such officer in excess of the maximum compensation shall be paid to the county treasurer for the use and benefit of the county. If the contention of counsel is correct, a great injustice was certainly done the defendant in *Ada County v. Ryals,* decided at the January, 1895, term of this court. In that case the officer's fees came from individuals and from the county. His maximum compensation was exceeded by reason of fees as probate judge, clerk of the probate court and superintendent of public instruction exceeding the sum of $2,000 per year, and he was compelled to return the surplus. We urge the reasoning of the court in that case applies directly to the one under consideration. (*Ada Co. v. Ryals,* ante, p. 365, 39 Pac. 556.) This court has already decided that in no event and under no circumstances can an assessor receive a greater compensation than is provided for by section 7, article 18, of constitution. (*Guheen v. Curtis,* 3 Idaho, 443, 31 Pac. 805.) The powers of the county "can only be exercised by the board of county commissioners, or by agents or officers, acting under their authority, or authority of law." (Rev. Stats., sec. 1731.) One of the tenets of statutory construction is that such a construction of the statute as will lead to absurdity should never be adopted. "The idea of a county appealing from the allowance of a claim made by its own court is simply ridiculous." (*Chicot County v. Tilghman,* 26 Ark. 461, 463.) "The county commissioners' court cannot bind the

county by ordering a claim to be paid which is not made a county charge by statute, and by allowing more than the statute distinctly limits, or by an allowance in the face of a statutory prohibition." (*Shirk v. Puloski Co.,* 4 Dill. 209, 213, 214, Fed. Cas. No. 12,794.) "No government has ever held itself liable to individuals for misfeasance, laches or the unauthorized exercise of power by its officers and agents." (*Gibbons v. United States,* 8 Wall. 269; Mechem on Public Officers, sec. 852; *People v. Supervisors of New York,* 1 Hill, 362; Green's Brice's Ultra Vires, 58; 2 Dillon on Municipal Corporations, p. 1186, note 3; *Cumberland County v. Edwards,* 77 Ill. 544; *Commissioners v. Moore,* 53 Ala. 25; *Peoria County v. Roche,* 65 Ill. 77.)

The defendant was elected assessor of Ada county, Idaho, on November 10, 1890, was regularly qualified, filed his official bond, entered upon the duties of his office, and acted as such assessor and collector during the years 1891 and 1892, and until the second Monday in January, 1893. During the year 1891 the defendant, as assessor and *ex-officio* tax collector of said Ada county, filed accounts against Ada county for the sum of $6,510.24 for services as such officer during the year 1891. Said accounts were allowed by the board of county commissioners of said county, and defendant received from the auditor of said county, warrants to the amount of the above-named sum. Defendant still retains the sum of $6,510.24. During the year 1892 the defendant, as such assessor and *ex-officio* tax collector of said county, filed with the board of county commissioners of said county, for services rendered as such officer, bills and accounts amounting to the sum of $7,055.12, which said bills were allowed by the board, and warrants therefor issued to said assessor, which warrants were paid by the county treasurer. Demand was made upon the defendant by the plaintiff for the sum of $4,055.12 of said money so received and retained in the year 1892. Demand was also made upon said assessor for the sum of $3,510.24 of the amount received by him in the year 1891. Defendant refuses to pay over to said county any part of the money so demanded, and the county now claims that the defendant is indebted to it in the sum of $8,465.36, also for

the sum of $1,059.17, interest on said sum last above mentioned from the time of the commencement of this action. This suit was commenced on the twenty-third day of November, 1893. Cause was tried before the court, a jury having been waived by the parties, resulting in a judgment in favor of the county for the sum of $9,525.33, with interest thereon at the rate of ten per cent per annum from the date of the judgment until paid, together with plaintiff's costs and disbursements incurred in the action, amounting to the sum of $13.85. Judgment was rendered against the defendant March 1, A. D. 1895. From this judgment the defendant appeals to this court.

MORGAN, C. J. (After Stating the Facts.)—The appellant contends that, the bills having been presented and paid by the board of county commissioners, and no appeal taken, the payment was voluntary, and cannot be recovered back. The appellant also contends that an appeal from the action of the board was the only remedy, and cites *Picotte v. Watt,* 3 Idaho, 447, 31 Pac. 805. In that case application was made for an injunction to restrain the payment of certain warrants ordered issued by the board of county commissioners. The court holds that there was a complete and adequate remedy at law, and in such case equity cannot be invoked. The same is held by this court in *Morgan v. Board,* ante, p. 418, 39 Pac. 1118; *Rogers v. Hayes,* 3 Idaho, 597, 32 Pac. 259; *Clark v. Dayton,* 6 Neb. 192. The last-named case was also a suit in equity. The court did not hold that appeal from the action of the board of county commissioners was the only remedy, as such a decision would be in the face of the statute (Idaho Rev. Stats., sec. 1780), which provides that a claimant dissatisfied with the rejection of his demand may sue the county therefor at any time within six months. In *Meller v. Board,* ante, p. 44, 35 Pac. 712, the court simply holds that all orders of the board of county commissioners are appealable under section 1776, and does not hold that the county may not sue to recover money illegally paid. *Davis v. Commissioners,* 4 Mont. 292, 1 Pac. 750, also cited, does not sustain the contention of appellant. The decision of the court in *Brown v. Otoe Co.,* 6 Neb. 111, was rendered

under a different statute from the one in this state as there the statute provides, as the court say, that appeal from the action of the board on accounts is the only remedy, while our statute (section 1780) provides the county may be sued when a claim is rejected. Appeal may also be taken, but appeal, under our statute, is not the only remedy, and it cannot be said, as in case of *Martin v. Supervisors,* 29 N. Y. 645, that the action of the board is final and conclusive, as other remedies are expressly provided; and the district court is not a court of appellate jurisdiction only, but has original jurisdiction also in such cases. Under our statute, therefore, there are other remedies provided.

As the county is a municipal corporation, it may sue and be sued, and we know of no limitation as to time, except that provided in the general limitation laws of the state. We are told, however, that money paid through a mistake of law is a voluntary payment, and cannot be recovered back; and we are cited to the case of *Badeau v. United States,* 130 U. S. 439, 9 Sup. Ct. Rep. 579, as sustaining that doctrine, but it does not do so. Chief Justice Fuller, in that case, did not place his decision on the ground that money paid by one officer of the government to another officer is a voluntary payment that cannot be recovered back, but upon the ground that the claimant, although retired, was still an officer of the army *de facto,* if not *de jure,* and for that reason he was entitled to the money received, and it could not be recovered back, and *ex aequo et bono* should not be returned. Some of the authorities cited, however, seem to sustain the contention of the appellant, and some authorities go so far as to hold that payments of the money of the public by its authorized agent to an officer on account of a mistake of law cannot be recovered back. The doctrine is so repugnant to every principle of justice and common honesty that the latter cases do not, by their reasoning, commend themselves to this court. We cannot consent to carry the doctrine beyond settlements between private individuals. Therefore we must hold that payments made by the county commissioners to public officers, which are positively and absolutely forbidden by the statutes of the state and by the constitution thereof, may be recov-

ered back. Both are public officers, and it is the duty of both to see to it that the county is not damaged through their malfeasance, negligence or mistake. The statute positively forbids the county commissioners to issue any warrant except it is directly authorized by law (section 1775). Again, section 7 of article 18 of the constitution provides as follows, to wit: "The officers provided by section 6 of this article shall receive annually, as compensation for their services as follows: . . . . The county assessor who is *ex-officio* tax collector, not more than $3,000, and not less than $500." The case of *Guheen v. Curtis*, 3 Idaho, 443, 31 Pac. 805, is directly in point in this case. In that case this court said: "The maximum compensation to be paid annually to the assessor and tax collector is, however, limited by the provisions of section 7, article 18, of the constitution, to the sum of $3,000, and he can in no event receive a larger sum." Here is a plain and positive prohibition by the constitution, which cannot be avoided nor violated. To hold otherwise would open the door to unlimited payments of sums forbidden by the constitution as salaries or fees of public officers by the county commissioners with or without collusion, and these payments retained under the specious pretext that they were voluntary payments under a mistake of law. We do not impute any fraud or misconduct to the assessor in this case. He seems to comply with the provisions of the constitution and laws of the state, except in retaining the money of the county above the amount allowed him by the plain and positive provisions of the constitution above quoted. The judgment of the court must be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan and Huston, JJ., concur.