269 P.2d 762

**WILSON  v.  NIELSON.**

No. 8095.

Supreme Court of Idaho.

April 5, 1954.

146

Peter B. Wilson, James W. Wayne, Coeur d'Alene, for plaintiff.

Robert E. Smylie, Atty. Gen., Robert B. Hodge, Asst. Atty. Gen., for defendant.

GIVENS, Justice.

Plaintiff was appointed a District Judge of the 8th Judicial District, December 4, 1944, for the balance of the four-year term (ending January 6, 1946) of Honorable Bert A. Reed, who resigned December 4, 1944. Plaintiff was elected to succeed himself in 1946 and reelected in 1950 and entered upon the consequent four-year elective term January 1, 1951 and so served until he resigned July 30, 1953.

Chapter 104, 1947 Session Laws, p. 210, now Title 1, Chapter 20, Idaho Code, effective May 6, 1947, provided a retirement plan for Supreme Court Justices and Judges of the District Courts, optional to those then in office and compulsory for subsequent appointees and electees. Plaintiff, May 19, 1947, declined to participate.

The original statute granted retirement only to judges and justices seventy years of age or over. A 1949 amendment, Session Laws 1949, Chapter 130, p. 231, now

Sections 1–2001, 2005 and 2007, I.C., extended the privilege of retirement for disability to any justice or judge, though not seventy, and retirement payments to any justice or judge with fifteen years of service retiring before the age of seventy, upon becoming seventy.

We recognize, but do not further note because it is not now before us, the possibility that such additional privileges may result in impairment of the fund in derogation of the rights of those in office at the time the original act was passed and then electing to participate. See last sentence in opinion, Jensen v. Pritchard, 120 Ind.App. 439, 90 N.E.2d 518, at page 522.

Following plaintiff's resignation, he sought retirement payments and upon defendant's refusal, sued out the mandate herein.

Defendant justified nonpayment because plaintiff's declination had never been revoked and hence, he could not and did not make the three percent deduction from plaintiff's salary.

■ To prevail in mandamus, a party must show a clear and unequivocal right to the relief sought. Lewis v. Mountain Home Co-op. Irr. Co., 28 Idaho 682, 156 P. 419; Brooks v. Edgington, 40 Idaho 432, 233 P. 514; Logan v. Carter, 49 Idaho 393, 288 P. 424; Aker v. Aker, 51 Idaho 555, 8 P.2d 777; Reynard v. City of Caldwell, 53 Idaho 62, 21 P.2d 527, 90 A.L.R. 1124; McDonald v. Pritzl, 60 Idaho 354, 93 P.2d 11; Aiken v. Will County, 321 Ill.App. 171, 52 N.E.2d 607.

Neither prior to his reelection in 1950 and the entrance upon his subsequent term January 1, 1951, nor at the time of or prior to his resignation July 30, 1953, did plaintiff pay or offer to pay, or have any deductions made from his salary as contributions to the fund nor has he in any way, except by seeking retirement compensation, revoked or indicated he has canceled or desires to cancel his declination of May 19, 1947.

■ If plaintiff's declination did not extend beyond his reelection, and it could not by reason of Section 1–2004, I.C., to give effect to it and his failure to make or offer to make any contributions to the fund, until he entered upon the term following his reelection he was not a party to the statute and had no rights under it nor was he entitled prior thereto, presently or prospectively, to any of the benefits thereunder, nor could he then have been compelled to contribute.

Contributions became mandatorily due upon plaintiff's subsequent election and for his term beginning January 1, 1951. Section 1–2004, Idaho Code.

■ Conceding that if, prior to his resignation, plaintiff had revoked and canceled his declination and had offered to pay, as other justices and judges who had not declined were paying, he would thereby have been entitled to all the benefits and

privileges as though he had not declined, he did not do so.

Plaintiff, therefore, of his own volition, put himself within the category of the second proviso in Section 1–2004, I.C.

■ Plaintiff contends he is not to be charged with what he asserts is defendant's dereliction of duty in not making deductions from his salary and, therefore, he may not now be required to contribute what should have been deducted. Plaintiff knew there was no deduction being made and he received the full amount of his salary in violation of the statute and, being in pari delicto, he may not now so take advantage of his acquiescence in such failure to deduct. Lick v. Madden, 36 Cal. 208; Boardman v. Hayne, 29 Iowa 339, at page 346; State ex rel. and to Use of City of St. Louis v. Priest, 348 Mo. 37, 152 S.W. 2d 109, at page 112.

■ Annuity statutes of this nature, Crawford v. Teachers' Retirement Fund Ass'n, etc, 164 Or. 77, 99 P.2d 729; Driggs v. Utah State Teachers Retirement Board, 105 Utah 417, 142 P.2d 657; Clarke v. Ireland, 122 Mont. 191, 199 P.2d 965; are to be liberally construed. State ex rel. Stringer v. Lee, 147 Fla. 37, 2 So.2d 127, at page 133; Knight v. Board of Administration, 32 Cal.2d 400, 196 P.2d 547, 5 A.L.R.2d 410; Baird v. City of Fresno, 97 Cal.App.2d 336, 217 P.2d 681, at page 685; City of Tampa v. State, 155 Fla. 177, 19 So.2d 697; Fulton County v. Holland, 71 Ga.App. 455, 31 S.E.2d 202; Collins v. City of Knoxville, 180 Tenn. 483, 176 S.W.2d 808.

■ Under the most liberal construction favorable to plaintiff, therefore, under the facts and circumstances detailed above, and now after his resignation permitting him to obtain benefits, since he is equally responsible for contributions not being deducted, before he can receive anything, he must as required by Section 1–2004 I.C., pay in cash three percent of his salary between January 1, 1951 and the date of his resignation July 30, 1953. State ex rel. Stringer v. Lee, 147 Fla. 37, 2 So.2d 127, supra; Charters v. Board of Trustees of Seattle Teachers' R. Fund, 192 Wash. 261, 73 P.2d 508, at page 513. Thereupon, he will be entitled to receive a proportionate share of retirement compensation as two years seven months are to ten years, or $31/120$ of one-half the salary he was receiving at the time of his retirement from August 1, 1953.

The alternative writ heretofore issued is, therefore, ordered quashed and the proceedings dismissed, unless within twenty days after this opinion becomes finally effective, plaintiff pays in cash to defendant contributions amounting to three percent of his salary from January 1, 1951 through July 30, 1953, or two years, seven months. Plaintiff will then be entitled to receive retirement compensation of $31/120$ of one-half the salary he was receiving at the time he retired.

149

The only cost is the filing fee paid by plaintiff; therefore, no costs are allowed against defendant.

PORTER, C. J., and THOMAS, J., concur.

TAYLOR, J., dissents.

KEETON, J., sat, but did not participate in the opinion.