LUTHERAN MUTUAL LIFE INSURANCE CO., APPELLEE, *v.*
ROBINSON, SUPT., APPELLANT.

(No. 7008—Decided November 20, 1962.)

*Messrs. Wright, Harlor, Morris, Arnold & Glander*, for appellee.

*Mr. Mark McElroy*, attorney general, and *Mr. William P. Meehan*, for appellant.

BRYANT, J.  This proceeding began with the filing of a petition for declaratory judgment in the Common Pleas Court of Franklin County.  The petition was filed by the Lutheran Mutual Life Insurance Company, Waverly, Iowa, as plaintiff, and named Walter Robinson, Superintendent, Division of Insurance, Columbus, Ohio, as defendant.  Subse-

quently, the parties by entry substituted Robert L. Mullins, successor to Walter Robinson, as Acting Superintendent of Insurance, as party defendant herein. Hereinafter, plaintiff below will be referred to as the insurance company and defendant below as Superintendent of Insurance.

As originally filed, the petition sought a declaratory judgment as to the tax liability of the insurance company for the period from 1930 to 1953, both inclusive, amounting in all to $91,242.52. In the amended petition, the period in controversy was extended to include the year 1960, and the amount was increased to $103,968.29.

It appears that for many years prior to January 1, 1938, the insurance company, an Iowa corporation, was organized as a fraternal benefit society under the name of the Lutheran Mutual Aid Society and was engaged in the business of life insurance under the fraternal plan for the benefit of members of the Lutheran Church.

It appears further that effective January 1, 1938, the insurance company amended its articles of incorporation and its bylaws to transform it from a fraternal benefit society to a mutual legal reserve life insurance company.

It appears further that after the changeover occurred, the insurance company continued to collect premiums from holders of life insurance certificates issued when it was a fraternal benefit society, and that it recognized its obligations thereunder and paid claims to such certificate holders as they became due in the same manner as if no amendment to the charter or bylaws had taken place.

It appears further that, after the insurance company was converted into a mutual legal reserve life insurance company, it applied for and received the right to transact business in Ohio as such and sold policies of insurance in Ohio and elsewhere. The issues in this case arose from the fact that the insurance company, after the changeover took place, in making the reports to the Superintendent of Insurance, separated the amount of premiums collected from the certificate holders with whom it had entered into insurance contracts prior to January 1, 1938, from the total amount of premiums received from policyholders whose contracts were entered into subsequent to January 1, 1938, and paid the tax of two and one-half per cent imposed un-

der Ohio law only on the amount of premiums collected under policies written after the changeover took place.

It was the claim of the insurance company that the exemption provided in Ohio tax laws in the case of fraternal benefit societies should be applied to that business done when the insurance company was a fraternal benefit society. With that we can not agree.

The question was squarely decided by the Supreme Court of Ohio in the case of *Security Benefit Life Ins. Co.* v. *Robinson, Supt.*, 170 Ohio St., 217, decided December 30, 1959. It is well settled that any tax exemption is strictly construed, and, as the Supreme Court of Ohio pointed out in the *Security Benefit Life Insurance Company case*, exemption was granted to fraternal benefit societies and not to certificate holders.

We note that in the petition originally filed, it was alleged that the insurance company lacked the power to levy assessments against the policyholders and that in the amended petition it is contended that the insurance company has the right to levy such assessment. The distinction is immaterial.

Considerable stress also is laid upon supposed estoppel which arises due to the fact that the Superintendent of Insurance from 1938 to 1954 acquiesced in the nonpayment of the total amount due, and it is even claimed that this was knowingly done by the various occupants of the office, beginning in 1938. The law is clearly settled in cases such as this that no estoppel can be recognized nor may it be asserted against the state of Ohio. If it were otherwise, public officials for a great variety of reasons could fritter away valuable tax rights of the state of Ohio. The argument is simply untenable and never has been recognized in Ohio in a case such as this.

With reference to the amended petition, it was erroneous to permit the filing of it, although the error appears not to have been prejudicial. The judgment of the court below will, therefore, be reversed, and the cause will be remanded to the court below for further proceedings according to law.

*Judgment reversed.*

DUFFEY, P. J., and DUFFY, J., concur.

12

DUFFEY, P. J., concurring. I concur in the holding that estoppel can not be applied under the present state of the law in Ohio. I wish to add that, under circumstances such as in the present case, the actions of the state are fundamentally unfair and place an inequitable burden on business. However, the remedy must come from the Legislature.