DR. CHARLES N. SPRATT AND ANOTHER v.
ROLLAND F. HATFIELD, COMMISSIONER
OF TAXATION.

127 N. W. (2d) 545.

April 3, 1964—No. 39,117.

*Joseph Shefner,* for appellants.

*Walter F. Mondale,* Attorney General, and *Jerome J. Sicora,* Special
Assistant Attorney General, for respondent.

FRANK T. GALLAGHER, C.

Appeal from a summary judgment entered in the district court for de-
fendant.

This action was brought by two Minnesota residents, referred to
herein as the taxpayers, against the commissioner of taxation to recover

an additional income tax assessment of $548.66 for the year 1956, pursuant to Minn. St. 1953, § 290.50, subd. 2. The taxpayers paid the assessment on August 25, 1960, and filed a claim on January 6, 1961, for a refund. The commissioner denied the claim on November 3, 1961, and thereafter this action was commenced.

The questions which we consider pertinent for a determination of this case are:

(1) Where a Minnesota resident receives income assignable to Minnesota and income not assignable to Minnesota, must such resident's nonbusiness deductions be allocated on the basis of relative gross income or on the basis of relative adjusted gross income? The commissioner claims it should be on the basis of *gross* income and the taxpayers claim on the basis of *adjusted* gross income.[1]

(2) Does the doctrine of estoppel apply to the state when it acts in its sovereign or governmental capacity?

Inasmuch as the tax year involved here is 1956, the statute applicable to this case is Minn. St. 1953, § 290.18, as amended by L. 1955, c. 170. The regulations applicable are Minnesota Income Tax Regulations 1955. The taxpayers received gross income from both Minnesota and South Dakota sources in 1956.

■ The first question concerns the interpretation of § 290.18 as it existed in 1956. Subd. 1 thereof read in part as follows:

"The taxable net income shall * * * be computed by deducting from the gross income assignable to this state * * * deductions * * * in accordance with the following provisions:"

With respect to nonbusiness deductions, paragraph (2) of subd. 1 provided that the "proportion of such deductions" to be allowed is that proportion which "the taxpayer's *gross* income from sources *within* this

---

[1]The commissioner's percentage figure is 67.5527 percent. In their amended complaint the taxpayers alleged that the correct percentage is 88.20. They later moved the trial court to amend their amended complaint by striking the percentage figure of 88.20 and inserting in lieu thereof 100 percent. The commissioner consented to the amendment which was granted by the court.

state * * * bears to his *gross* income from all sources, * * *."[2] (Italics supplied.)

The term "gross income," as used in § 290.18, is defined in Minnesota Income Tax Regulations 1955, Regulation 2018(1)(c), as "(a) in the case of a business involving the sale of personal property, the gross profit, and (b) in all other cases, the gross earnings or receipts."

The trial court granted the commissioner's motion for summary judgment. In a memorandum attached and made a part of the order, the trial court pointed out that our decision in Duluth-Superior Dredging Co. v. Commr. of Taxation, 217 Minn. 346, 14 N. W. (2d) 439,[3] established that gross income was the proper basis for allocation where a corporate income tax problem of similar nature to the instant case was presented. It was the opinion of the trial court that no logical reason appeared for differentiating between individual and corporation taxpayers in deciding this problem. We find nothing in the statutes involved which would compel such a differentiation. The trial court commented that while it might be more equitable to allocate income for the taxpayers in the instant case on the adjusted gross income basis, this

---

[2]The text of § 290.18, subd. 1(2), read: "That proportion of such deductions, so far as not connected with and allocable against the production or receipt of such gross income assignable to this state and so far as not connected with and allocable against the production or receipt of gross income assignable to other states or countries and so far as not entering into the computation of the net income assignable to this state under section 290.19, shall be allowed which the taxpayer's gross income from sources within this state, as determined under section 290.17, clauses (1), (2), (3), and (5), bears to his gross income from all sources, including that entering into the computation provided for by section 290.19; * * *."

[3]In Duluth-Superior Dredging Co. v. Commr. of Taxation, 217 Minn. 346, 352, 14 N. W. (2d) 439, 443, this court said: "* * * [W]hen the income tax law is considered in its entirety and the term 'gross income' is specifically considered in connection with the allocability provision in the act, we reach the conclusion that the legislature had in mind a gross and all-inclusive figure which represented total revenue, whatever it might be properly called, from which could be deducted certain expenses of business in order to arrive at the 'gain' or 'profit' which is the taxable net income contemplated by the tax law."

court, nevertheless, had decided on the gross income basis in Duluth-Superior Dredging Co. v. Commr. of Taxation, *supra.*

Although there may be merit to the taxpayers' contention that the adjusted gross income basis would be more equitable, we must remember that we are considering here the statutes applicable in 1956, the year for which the assessment in question was made.

We have considered taxpayers' arguments and citations,[4] but we believe the essential question is whether the commissioner was justified in using the *gross income* instead of *adjusted gross income* in denying taxpayers' claim for a refund of the 1956 assessment. It is our opinion that he was so justified and that the summary judgment for the commissioner must be affirmed.

■ Taxpayers claim, however, that the commissioner is estopped from acting as he did in the matter because he or his predecessors permitted the use of adjusted gross income in connection with the taxpayers' income in certain prior years. It is their opinion that the commissioner established a long-standing administration policy by such practice. The taxpayers allege in their amended complaint that for years they have used the method of adjusted gross income of rental income in allocating their deductions. It is their position that the acquiescence of the commissioner in the method used constitutes an adoption of that method by him; that said method has been used in settlement of prior tax assessments. They further allege that in the settlements of actions docketed by them against the commissioner with the Minnesota Board of Tax Appeals for the years 1946 and 1957, stipulations were entered into between them and the commissioner whereby the method of allocation as used by the taxpayers was correct.

The taxpayers then allege that the issues were the same in all cases between them and the commissioner, and that the latter is therefore estopped from changing his method of allocation.

While the state and its political subdivisions may be estopped in certain cases the same as an individual, the application of estoppel is

[4]We do not consider Fryberger v. Commr. of Taxation, Minnesota Board of Tax Appeals, Docket Nos. 843 and 844, as authority for the proposition advanced by the taxpayers here.

strictly limited to purely proprietary matters and generally is not applied to matters involving questions of governmental power or the exercise thereof. Board of Education v. Sand, 227 Minn. 202, 34 N. W. (2d) 689; City of Fergus Falls v. Whitlock, 247 Minn. 347, 77 N. W. (2d) 194.

In the levy and imposition of taxes, the state acts in its sovereign capacity, and hence, in an action for the collection thereof, cannot be subjected to an equitable estoppel. State v. Illinois Cent. R. Co. 200 Minn. 583, 274 N. W. 828, 275 N. W. 854.

We hold that under the circumstances here the commissioner was not estopped from acting as he did in connection with the assessment.

Affirmed.