409 P.2d 415

STATE of Idaho ex rel. Joe R. WILLIAMS, Auditor, Plaintiff-Respondent,

v.

Paul ADAMS, Auditor of Lemhi County, Alice Hobbs, Treasurer of Lemhi County, Defendants-Appellants.

No. 9694.

Supreme Court of Idaho.

Dec. 28, 1965.

Charles Herndon, Salmon, for appellants.

Allan G. Shepard, Atty. Gen., Larry D. Ripley, M. Allyn Dingel, Jr., and Richard E. Weston, Asst. Attys. Gen., Boise, for respondent.

SMITH, Justice.

This is an appeal from a writ of mandate compelling appellants to pay to the State Treasurer the sum of $2,106.43 as the claimed remaining portion of the state's 1962 ad valorem taxes collected by Lemhi County.

The facts as stipulated by the parties disclose that a mining company taxpayer, Misco P. C., Inc., paid under protest mine's profits tax on mining proceeds assessed pursuant to I.C. Tit. 63, ch. 28 for the years 1960 and 1961. Thereafter the taxpayer appealed the values assessed against it for both those years, through the County Board of Equalization, State Tax Commission and the Lemhi County District Court. The two appeals were consolidated for trial and heard March 18, 1963, by the court sitting without a jury. At the conclusion of the hearing the parties stipulated that the court enter its order pursuant to I.C. § 63–2214[1] directing the Lemhi County

---

1. "63–2214. Appeals from tax commission.— * * *
   * * *
   "(3) Appeals shall be heard and determined by the court in a summary manner, as in a suit in equity, and the trial thereof shall be a trial de novo on the issues framed. The court may affirm, reverse, or modify the order appealed from, and may by appropriate order direct the tax

tax collector to pay $38,348.48 as refund of taxes erroneously collected and paid by Misco P. C., Inc., and it successor Howe Sound Company, for the years 1960 and 1961, for net profits tax of 1959 and 1960.

The court then dismissed the appeals. It thereupon entered judgment on March 18, 1963, adjudging that Lemhi County refund and pay such sum to Howe Sound Company; also ordered that the refund be apportioned and charged to the various taxing units involved, one of which was the State of Idaho. The amount so apportioned and charged back to the state against its share of taxes for those years was $2,106.43.

Prior to the hearing of the appeals as consolidated, appellants had paid to the State Treasurer, the state's share of its taxes apportioned to Lemhi County for the years 1960 and 1961, including the amount of $2,106.43 as the state's share of the erroneously assessed mine's profits tax, before it was adjusted by the court's decree.

On April 10, 1963, appellant Adams, as Lemhi County auditor, wrote to the State Treasurer inquiring how the State Treasurer wished to handle the refund inasmuch as the County had paid the total state assessment for the years 1960 and 1961. The

Treasurer replied that the county auditor should pay the refund out of moneys received to be applied to the "current assessment"; and instructed that when reporting the moneys received, the county auditor "would make note on the county remittance form of the total received less the refund, and send us [State Treasurer] the balance." Appellant county auditor followed those instructions and took the credit of $2,106.43 for the state's ad valorem tax for the years 1960 and 1961 standing of record on the books of the county auditor and deducted such amount from the total ad valorem taxes due the State for the year 1962.

On March 31, 1964, respondent demanded of appellants that they "forward the remaining 1962 state ad valorem tax due the State of Idaho from Lemhi County in the amount of $2,106.43." Upon appellants' refusal to make the payment demanded, respondent commenced this mandamus proceeding to compel the payment. The matter was submitted to the trial court upon stipulated facts. The court thereupon ordered that the alternative writ which had theretofore been issued commanding appellants to remit to the State Treasurer "the remaining State ad valorem taxes in the amount of $2,106.43, * * * for the year 1962," be made per-

collector of the county to refund any taxes found in such appeal to be erroneously or illegally assessed or collected, or may direct the collection of additional taxes in proper cases. Nothing in this section shall be construed so as to

suspend the payment of taxes pending any appeal. Payment of taxes while an appeal hereunder is pending shall not operate to waive the right to this appeal. * * * "

manent. The permanent writ issued accordingly. Enforcement of the writ was stayed pending this appeal.

In granting the writ the trial court concluded: that mandamus was the proper remedy; that I.C. Tit. 63, ch .28, entitled, "Taxation of profits of mines" is the method of determining the value of ore produced for the purpose of assessing this ore for ad valorem taxes; that I.C. § 63–902 applies to ad valorem taxes levied on mine profits; that once the amount of the state ad valorem taxes due the state for a particular year is fixed by the State Tax Commission in accordance with I.C. § 63–611, the taxes cannot thereafter be changed by subsequent changes in assessed valuation or by court order; that once a county has paid to the State Treasurer the amount of taxes due the State, they cannot be refunded to the county or paid out of the State Treasury without a legislative appropriation for that purpose; and, that the appellants county auditor and county treasurer have a mandatory nondiscretionary duty to forward the taxes collected for the State for the year of 1962, without deduction.

The basic issue raised by appellants' assignments of error is whether appellants,

auditor and treasurer of Lemhi County, can deduct the overpayment of $2,106.43 of the state's share of taxes collected for the years 1960 and 1961, from the state's share of taxes collected for the year 1962, in which year there is no dispute as to the amount of taxes due the state from the county. The record shows that Lemhi County has paid over to the State Treasurer the state's share of taxes apportioned to Lemhi County for the year 1962, except a balance of $2,106.43 which is now in the county's treasury.

■■■ The mandatory duty of appellants, on behalf of Lemhi County, to pay over to the State Treasury the state's proportionate share of the 1962 taxes levied for state purposes, is set forth in Idaho Const. art. 7, § 7.[2] Under such section of the Constitution each county is liable for the full amount of its proportionate share of taxes levied for state purposes and such taxes shall be paid into the State Treasury without any deduction. Epperson v. Howell, 28 Idaho 338, 154 P. 621 (1916); Wickersham v. County Commissioners of Elmore County (Wickersham v. Manion), 4 Idaho 137, 36 P. 700 (1894); Guheen v. Curtis, 3 Idaho 443, 31 P. 805 (1892); Cunningham v. Moody, 3 Idaho 125, 28 P. 395 (1891). See also I.C. § 63–902.[3] It is clear that a county

2. "7. State taxes to be paid in full.—All taxes levied for state purposes shall be paid into the state treasury, and no county, city, town, or other municipal corporation, the inhabitants thereof, nor the property therein, shall be released or dis-

charged from their or its proportionate share of taxes to be levied for state purposes."

3. "63–902. County liability for state taxes.—Each county in this state is liable to the state for the full amount of all state

cannot withhold moneys collected on behalf of the state, as ad valorem taxes, in satisfaction of a claim against the state, incurred in prior years. Moreover, while the Lemhi County District Court, by its order, directed Lemhi County to pay $38,348.48 by way of refund of 1960 and 1961 taxes erroneously assessed against and paid by Misco P. C., Inc., and Howe Sound Company, and approved the apportionment to the State of Idaho of $2,106.43 of the refund, nevertheless the court did not order that the county's charge against the state in such sum be credited by the county against the state's apportionment of taxes collected by the county for the year 1962 or thereafter.

■ Nor can the state be estopped from claiming and collecting from the county such sums as the balance of the amount of the 1962 taxes apportioned to and collected by the county, even though representatives of the State Tax Commission and of the office of the Attorney General were present and were consulted at various stages of the hearings on the mining company's tax appeals. Equitable estoppel may not ordinarily be invoked against a governmental or public agency functioning in a sovereign or governmental capacity. Comptroller of the Treasury, etc. v. Atlas General Industries, 234 Md. 77, 198 A.2d 86 (1964); Cunningham v. County Court of Wood County, 148 W.Va. 303, 134 S.E.2d 725 (1964); Pet Car Products, Inc. v. Barnett, 150 Conn. 42, 184 A.2d 797 (1962); Maryland Casualty Co. v. Magoffin County Bd. of Ed., 358 S.W.2d 353 (Ky.1962); Hatchitt v. United States, 158 F.2d 754 (9th Cir. 1946); 31 C.J.S. Estoppel §§ 138–142; Anno. 1 A.L.R.2d 338.

■ "In the levy and imposition of taxes, the state acts in its sovereign capacity, and hence, in an action for the collection thereof, cannot be subjected to an equitable estoppel." Spratt v. Hatfield, 267 Minn. 535, 538, 127 N.W.2d 545, 548 (1964); Comptroller of the Treasury, etc. v. Atlas General Industries, supra; Lutheran Mutual Life Insurance Co. v. Robinson, 117 Ohio App. 9, 189 N.E.2d 449 (1962); Heyward v. South Carolina Tax Commission, 240 S.C. 347, 126 S.E.2d 15 (1962); Duhame v. State

taxes apportioned to such county by the state tax commission, and such taxes must be paid to the state in full, without deductions, before the second Monday in July in the succeeding year. All state taxes must be collected and paid into the county treasury and apportioned to the state fund. If, on account of uncollected taxes, there is not sufficient money in the county treasury to the credit of the state fund to pay such state taxes in full within the time prescribed by this act when such taxes must be paid, the same must be paid within the time prescribed therefor out of any county money in the hands of the county treasurer, and when so paid shall be charged to the state fund, but no transfer of money from any county fund to the state fund shall be made upon the books of the county auditor to county treasurer on account of any such temporary deficiency in the state fund."

Tax Commission, 65 Ariz. 268, 179 P.2d 252, 171 A.L.R. 684 (1947); Shriver v. Board of County Com'rs of Sedgwick Co., 189 Kan. 548, 370 P.2d 124 (1962).

■ ▇ The government is not estopped by previous acts or conduct of its agents with reference to the determination of tax liabilities or by failure to collect the tax, nor will the mistakes or misinformation of its officers estop it from collecting the tax. State Tax Commission v. Johnson, 75 Idaho 105, 269 P.2d 1080 (1954); Fitzpatrick v. State Tax Commission, 15 Utah 2d 29, 386 P.2d 896 (1963); Tennessee Trailways, Inc. v. Butler, 215 Tenn. 136, 373 S.W.2d 201 (1963); Good Will Industries of Southern California v. Los Angeles County, 117 Cal. App.2d 19, 254 P.2d 877 (1953); Claiborne Sales Company v. Collector of Revenue, 233 La. 1061, 99 So.2d 345 (1957); Duhame v. State Tax Commission, supra.

▇ Appellants assign error of the trial court in concluding that mandamus is the proper remedy in this cause. I.C. § 7–302 in part provides:

"It [the writ of mandate] may be issued by any court except a justice's or probate court, to any inferior tribunal, corporation, board or person, *to compel the performance of an act which the law especially enjoins as a duty resulting from an office,* trust or station; * * *." (Emphasis supplied.)

Mandamus will lie if the party seeking it has a clear legal right to have the act done for which he seeks the writ, and it is the clear duty of the officer to act. Vandenberg v. Welker, 74 Idaho 508, 264 P.2d 1029 (1953). See also Freeman v. McQuade, 80 Idaho 387, 331 P.2d 263 (1958); Wilson v. Nielson, 75 Idaho 145, 269 P.2d 762 (1954); McDonald v. Pritzl, 60 Idaho 354, 93 P.2d 11 (1939); Brooks v. Edgington, 40 Idaho 432, 233 P. 514 (1925). Such act or duty must be ministerial and not require the exercise of discretion. Wellard v. Marcum, 82 Idaho 232, 351 P.2d 482 (1960); Freeman v. McQuade, supra; Murtaugh Highway Dist. v. Merritt, 59 Idaho 603, 85 P.2d 685 (1938); Aker v. Aker, 51 Idaho 555, 8 P.2d 777 (1932); 55 C.J.S. Mandamus § 72. Since a county or the property therein cannot be released from its proportionate share of taxes levied for state purposes, and since all taxes levied for state purposes are mandatorily required to be paid into the State Treasury, the county officers charged with the collection and payment of the taxes to the State Treasury perform purely ministerial duties. Idaho Const., art. 7, § 7; I.C. § 63–2810. Therefore the trial court properly concluded that mandamus is the proper remedy herein.

▇ Appellants assign error of the trial court in concluding that I.C. § 63–902 applies to taxes levied upon the net profits of mines.

I.C. Tit. 63, ch. 28; relating to the taxation of the profits of mines, requires the taxation of the net annual proceeds of all mines and mining claims. A verified statement of the net annual profits derived from a mine or claim, during the year preceding the first day of January, must be filed between January 1st and May 1st of each year with the assessor of the county in which the property is situate. The assessor in addition to the general assessment book must prepare a separate assessment book of the net profits of all the mines in the county. I.C. § 63-2810 then provides:

"The duties of the assessor, county auditor, state tax commission and the county board of equalization, as to the assessment of the net profits of mines, the statements and returns to be made, the equalization thereof, and other official acts, are the same as those provided by the laws of this state for the assessment of other property."

I.C. § 63-2811 requires the mines profits tax to be collected and payment thereof enforced "as the collection and enforcement of other taxes are provided for," including the tax lien on the property and sale thereof for delinquent taxes; I.C. § 63-902 requires that all state taxes apportioned to the counties, "must be paid * * * in full, without deductions, before the second Monday in July in the succeeding year."

Whatever the classification of the mines profits tax, whether it be an ad valorem tax, or a special tax as appellants assert, is of no moment inasmuch as the total amount of state taxes which the tax commission determines shall be apportioned to the counties, to be paid to the state, includes ad valorem as well as special taxes. I.C. § 63-611. Appellants' assignment of error is without merit.

Appellants assign as error the trial court's conclusion that once a county has paid the state the tax required, pursuant to I.C. § 63-611, the moneys representing the tax payment cannot be refunded to the county or paid out of the State Treasury without a specific legislative appropriation.

Idaho Const., art. 7, § 13 reads:

"No money shall be drawn from the treasury, but in pursuance of appropriations made by law."

This Court in Epperson v. Howell, 28 Idaho 338, 154 P. 621 (1918), in interpreting such section of the Constitution, stated:

"An appropriation, within the meaning of the section of our Constitution last above quoted [art. 7, § 13] is authority from the Legislature, expressly given in legal form to the proper officers, to pay from the public moneys a specified sum and no more, for a specified purpose, and no other. It follows that no money may lawfully be paid from the [state] treasury except pursuant to and in accordance with an act

of the Legislature, expressly appropriating it to the specific purpose for which it is paid." 28 Idaho at 343, 344, 154 P. at 623.

See also Jewett v. Williams, 84 Idaho 93, 369 P.2d 590 (1962); McConnel v. Gallet, 51 Idaho 386, 6 P.2d 143 (1931); Jackson v. Gallet, 39 Idaho 382, 228 P. 1068 (1924); Blaine County Inv. Co. v. Gallet, 35 Idaho 102, 204 P. 1066 (1922).; Herrick v. Gallet, 35 Idaho 13, 204 P. 477 (1922). In essence appellants seek to appropriate $2,106.43 of the 1961 and 1962 tax moneys paid into the State Treasury, by a bookkeeping charge against the amount of the state's 1963 taxes apportioned to the county for collection. Even though the Lemhi County district court authorized the county to charge such amount back to the state against its share of taxes for those years, nevertheless such authorization does not constitute a legislative appropriation from the State Treasury for that purpose. Nor have appellants directed attention to any presently existing legislative appropriation of funds from which such amount could be refunded by the state to the county.

We have carefully examined and considered appellants' remaining assignments of error, and deem them to be without merit.

The permanent writ of mandate is affirmed.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.